## BIRD *versus* SMITH.

In an action upon a judgment, it is inadmissible to prove that, *prior to its rendition,* a part of the claim, upon which it was founded, had been paid.

In an action upon a security, given in satisfaction of a judgment, it is inadmissible to prove that prior to the rendition of the judgment, a part of the claim, upon which it was founded, had been paid, whether to the nominal plaintiff or to any party having an equitable interest in it.

ON REPORT from *Nisi Prius,* WELLS, J.

ASSUMPSIT. — The defendant, in 1841, gave his negotiable note, of $1500 and interest, to one Ellis, by whom it was negotiated to Ephraim Woodman as collateral security for a loan of about $338. Ephraim Woodman negotiated *it,* before the pay-day, to Oliver O. Woodman, in whose name a judgment was recovered upon it in June, 1850, for the sum of $2285, damage, besides costs. An execution, which was issued upon the judgment, was placed for collection in the hands of this plaintiff, (Bird,) who was a deputy sheriff.

On the 31st Oct. 1851, the defendant drew a check signed by himself, in the following words, and handed it to the plaintiff.

" $2318,66. Canal Bank, Portland, Oct. 31, 1850. Pay to R. A. Bird, on 2d Dec. next, twenty-three hundred eighteen dollars, sixty-six cents."

The check was not paid at maturity, and this action is brought to recover its amount.

The defendant offered to be defaulted for the sum of $556,80.

The check having been read, the defendant insisted that the plaintiff was bound to prove a consideration for it; but the Judge ruled it to be unnecessary. The defendant also de-

manded that the plaintiff's counsel should disclose who were the owners of the execution, when in the plaintiff's hands or at the time of the trial. But no such disclosure was made.

The defendant then read a copy of said execution against him, together with the plaintiff's return thereon, which admitted that he had received some money from the defendant upon the execution, and that he had received the check in payment and discharge of the balance.

Upon the execution was another indorsement, directed to the officer, as follows : — " No part of the within belongs to the within named Woodman ; and I am the attorney for the owners. You will therefore follow only my orders, and pay over only to me."          " John S. Abbott, Attorney."

The defence set up was that Oliver O. Woodman, in whose name the former judgment had been recovered, had no property in it beyond the said sum of $556,80, and that the residue of the claim upon which the judgment was recovered belonged to Ellis, who had directed the mode in which he desired it to be paid, and that the defendant had accordingly paid it in that mode, prior to the commencement of this suit.

He then offered to show that neither Ephraim Woodman or Oliver O. Woodman had any interest in or claims on the execution, beyond said sum of $338, and its interest ; and that both of said Woodmans had repeatedly offered to receive of the defendant the said sum of $338 and its interest, in discharge of all their claims on said judgment.

In proof of such offer, the defendant offered a letter from Ephraim Woodman, dated a few days after Oliver had recovered the judgment. This letter expressed a willingness on the part of the Woodmans to accept such sum as would be right, according to the bargain made by said Ephraim with Ellis, and a willingness that the remainder, if any, should go where it ought in justice to go ; and an opinion that if the writer could see this defendant and Mr. Abbott, the attorney, by whose agency the judgment was recovered, a right adjustment could be made.

The defendant also offered to show, that the residue part of

the judgment belonged to Ellis; and that Ellis had ordered and prescribed the manner in which the defendant should pay that residue, and that the defendant had, before the commencement of this suit, paid the same in that manner; and, that Ellis is still indebted to the defendant in a large amount.

In further proof of the facts, offered to be proved, the defendants offered in evidence the answers, *made in* 1842, by Oliver O. Woodman, Ephraim Woodman and said Ellis to the defendant's bill in equity against them. The view taken by the Court renders it unnecessary to present here the contents of those answers.

The Judge ruled that the proofs so offered were inadmissible.

If such offered proofs were inadmissible, judgment is to be rendered for the plaintiff for the amount due on the check as declared on, should the evidence, which was admitted, be adjudged sufficient to authorize a recovery by him.

*J. S. Abbott*, for the plaintiff.

*S. Fessenden* and *F. O. J. Smith*, for the defendant.

We may not impugn the judgment obtained against Smith. That is *res adjudicata*. But we may prove who was the actual owner of a judgment, in whose name soever it was recovered. If payment be made to the true owner, it is a discharge, notwithstanding any attempt by the nominal creditor to collect it. At the trial, we offered proof that the whole judgment, except $338 and its interest, remains the property of Ellis. The check comes in as a substitute for the judgment, and we offered proof that we had previously paid the Ellis part of the judgment. We have also offered to be defaulted for the other part.

The plaintiff however says, if Ellis owned a part of the check, that part when collected of the defendant, will go to the administrator of Ellis, who is now dead, and that if we paid Ellis, we must go to his estate for reimbursement, instead of defending this suit. But we think there is a better way, one which avoids circuity of action. By our transac-

tions with Ellis, his part of the claim was virtually assigned to us.

Bird is but a nominal plaintiff. If he recovers in this suit, he will be bound to pay the true owner. If our transactions with Ellis did not constitute an assignment to us, then Ellis' administrator is the owner. Suppose we sue the administrator and trustee Bird, the money must come from Bird to us. Having then in our hands money to which we are entitled, may we not retain it?

But the plaintiff says we have not offered to prove this by some particular mode. I do not know that we are bound to specify by what document or by what witness, we are able to prove it.

We have however specified one mode, by which we propose to prove it. The defendant, then, is to be considered the legal and equitable assignee of a portion of the judgment and of the execution upon it. He is the owner. The plaintiff is not the owner, and the Ellis portion of the check was received by the plaintiff in trust for this defendant.

In fact the whole of the judgment belonged to Ellis. For Ephraim Woodman, to whom the note was pledged by Ellis, transferred and indorsed it, before any forfeiture, "not accountable," and thereby discharged all right which he held in it, as collateral security. The whole property in the note then reverted to Ellis. *Bowditch* v. *Green*, 3 Metc. 160. Under Ellis we therefore might hold the whole amount of the check. But for the sake of disembarrassing the case from intricacy, we have offered to be defaulted for all that the Woodmans can have the slightest pretence to claim.

The fact that a recovery for the whole amount of the note was had by the indorsee, does not extinguish its collateral character. As the note was collateral, so was the judgment, and the money which might be collected upon it would belong to the pledgor. *Lord* v. *Clark*, 14 Pick. 223; *Burbank* v. *Sibley*, 11 Pick. 282 – 4. The defendant then is subrogated to the administrator of Ellis. Who then can claim a right above the defendant, whose claims against Ellis' estate

have been allowed by the commissioners of insolvency to an amount far above that of the check; say six or seven thousand dollars?

But the plaintiff asks, why were not these claims called up and proved in the original suit?

Our reply is, that for seven years we were struggling to get at the evidence, by means of bills in equity and every other appliance known to the law, but without success, until recently. Being pressed, when upon the stand in a suit at law, Oliver O. Woodman was compelled to state that he had the receipt, given by Ephraim to Ellis when the note was pledged as collateral; whereupon the Court required him to produce it. By aid of that document we are now prepared to show the extent of Oliver's claim.

But it is asked us, what though the Woodmans may receive their part, who owns the rest, and what is to be done with it? Our reply is, it was due to Ellis, and that we paid it to him, and that is what we offered and now wish to prove.

But if Ellis did not own, who did? The counsel refused to disclose for whom he was acting; and it is certain that none of Mr. Abbott's friends could have acquired any interest in the note until overdue, neither could they have acquired such interest, without knowledge that it was subject to counter claims, set-offs and equities.

We offered to prove the identity of the $1500 note; *that* except the $338, it was Ellis' property; *that* we had paid it and many hundred dollars over; *that since the judgment* and *notwithstanding it,* the Woodmans have offered to settle upon the basis of the contract, made when the note was pledged, so soon as it could be found what that basis was, and we have now found what it was, and wish a new trial in order to prove it. We therefore submit that the Judge erred in excluding the offered testimony. R. S. chap. 115, sect. 32; *Fogg* v. *Hill,* 21 Maine, 529; *Bowditch* v. *Green,* 3 Metc. 360; *Lord* v. *Clark,* 14 Pick. 223; *Hunt* v. *Nevins,* 15 Pick. 500; *Beckwith* v. *Libbey,* 11 Pick. 282.

WELLS, J. — Oliver O. Woodman on the second Tuesday of June, 1850, recovered a judgment against the defendant on a promissory note given by the defendant to Benjamin H. Ellis, and which was negotiated by Ellis to Ephraim Woodman, and by him to said Oliver. The check in suit was received in part payment of the execution, which issued on the judgment.

The defendant contends, that the note was held by the Woodmans as collateral security for a sum much less than the amount of it loaned by Ephraim Woodman to Ellis, and he offered to prove, that the balance due on the note belonged to Ellis, that Ellis had prescribed the manner in which that balance should be paid, and that before the commencement of this suit, he had paid such balance in the manner directed by said Ellis. But the proof offered related to facts, which existed before the recovery of the judgment by Oliver O. Woodman. If any portion of the debt had been paid to Ellis or by his direction, and proof of such payment was admissible against Woodman, it should have been presented in defence of the former action. The judgment in favor of Woodman is conclusive evidence that it was due to its full amount when recovered. And the introduction of evidence, which existed before the rendition of the judgment, to show that it is not all due, would impair the force and effect which the law gives to it. If the judgment were in favor of Ellis himself, testimony, showing that the debt on which it was founded had been paid before the judgment, either in whole or in part, would be clearly inadmissible, for such testimony would directly contradict the judgment. If Woodman held the judgment partly for himself and partly in trust for Ellis, and a payment made to Ellis after it was rendered were admissible in evidence, on the ground of its having been made to the equitable owner, no evidence was offered of any such payment.

The proof offered, that both of the Woodmans had repeatedly offered to the defendant to receive from him the sum of three hundred and thirty-eight dollars and interest, in discharge of their claim on said judgment and execution, could

have had no legal effect, if it had been received in evidence. The offer was not accepted and no money was paid, and the debt was unaffected by it.    It was merely a proposition not accepted or acted upon.    Nor does the letter of Ephraim Woodman, if it were admissible in evidence upon proof that he was part owner of the execution, show any part of it to have been paid, but on the contrary it denies, that either he or Oliver has received any part of the debt.    His expression of a willingness to make a proper adjustment does not tend in the remotest degree to establish any fact showing the judgment has been paid or satisfied in any manner whatever.    And if Oliver had received a portion of the judgment while the balance belonged to Ellis, and that was known to the defendant, his release of the whole could not have deprived Ellis of his part, and facts existing anterior to the judgment could not have been received to defeat his title to such part.

The testimony offered was properly rejected, and the amount of the check, which was taken in part satisfaction of the execution, is recoverable in this action.

*Defendant defaulted.*