JAMES H. PHELPS v. EMILY W. BRACKETT.

In a suit against a woman, on a promissory note, if the petition do not aver that
she was a *feme covert* at the time of its execution, and a judgment is rendered
against her, subjecting her community and separate property; although a
motion in arrest of judgment, may be sustained, so far as it subjects the com-
munity property, it is error to arrest the judgment as to the separate property.
The statement of a fact, in a motion in arrest of judgment, which ought to have
been pleaded, comes too late, and cannot be noticed.

APPEAL from Bexar.   Tried below before the Hon. E. J. Davis.

This was a suit by J. H. Phelps, against Emily W. Brackett,
on a promissory note for $1200, executed by O. B. Brackett and
the defendant.

The petition alleged the making and delivery of the note ; the
death of O. B. Brackett ; that the defendant " filed, in the County
Court of Bexar county, her inventory of the community property
of herself and the deceased, as required by law," whereby she
became liable to pay, &c. ; but did not set forth whether she was
a married woman or a *feme sole*, at the date of the making of
the note, or at any time, except as above inferentially averred.
Prayer for judgment against her in her representative capacity,
and individually.

The defendant filed only a general denial.   Verdict and judg-
ment for the amount of the note, with interest, amounting to
$1357.34, and all costs of suit, " to be levied and made of the
community property of said defendant and O. B. Brackett, de-
ceased ; and, on failure thereof, of the separate property of the
defendant."

The defendant filed a motion in arrest of judgment, as follows :
" In this cause comes the defendant, by her counsel, and moves
the court to arrest the judgment against her, in her individual
capacity, and as to her separate estate, for the following reason,
to wit : The verdict of the jury, is contrary to the law, and the
evidence, because, defendant says, that when she signed the note,

set forth in plaintiff's petition, she was a *feme covert*, and is not bound to pay the same in her individual capacity, or out of her separate property." The motion was sustained, and the plaintiff appealed.

*N. O. Green,* for the appellant.

*W. Tunstall,* for the appellee.

ROBERTS, J.—The judgment, as originally rendered, subjects both the community and separate property of the defendant. The petition does not state that the defendant was a *feme covert,* at the time of the execution of the note. Had she moved to arrest the judgment, so far as it subjected the community property, the motion might have been properly sustained. The petition does state a good cause of action, as a *feme sole,* and therefore her property is liable for it. Sustaining the motion, therefore, to arrest the judgment, as to the separate property, was erroneous. The judgment must be reversed and reformed, so as to let the judgment stand as originally entered.

The statement of the fact, that she was a *feme covert,* as made in the motion, comes too late. It should have been pleaded. Judgment reversed and reformed.

Reversed and reformed.