## SHACKLEFORD *vs.* CUNNINGHAM.

[MOTION TO SUPERSEDE EXECUTION, AND ENTER SATISFACTION OF
PROBATE DECREE.]

1. *Conclusiveness of probate decree.*—On motion to enter satisfaction of a probate decree, and to supersede an execution issued thereon, no matter can be brought forward, which is antecedent to, and involved in the decree.

2. *Payment and satisfaction of probate decree.*—A decree having been rendered against a guardian, on final settlement of his accounts, in January, 1864, for the balance ascertained to be then in his hands, as so much money, he can not have satisfaction of that decree entered, on proof that he paid the amount of the decree in Confederate States treasury-notes, to the probate judge, after the refusal of the ward to receive them, and took from said judge a receipt, which stated that the notes so paid were to be held by him "until the question is decided, whether S. D." [the ward] "is bound to take them or not."

APPEAL from the Probate Court of Macon.

THE record in this case shows, that, on the 11th day of January, 1864, W. R. Cunningham, as the guardian of Shadrach Dick, a minor, made a final settlement with said probate court of his accounts and vouchers as such guardian ; and that a decree was thereupon rendered against him, by said probate court, in the following words : "This day having been set to hear and determine the matters as to the account heretofore filed by W. R. Cunningham, guardian of said minor, for a final settlement of his guardianship, now comes the said W. R. Cunningham, and moves the court that his accounts may be passed and allowed ; and it appearing that due notice has been given, according to law, and in accordance with the order of the court, made and entered on the 3d day of December, 1863 ; and Littleberry Strange, who was heretofore appointed guardian *ad litem*, to protect the interests of said minor on this settlement, now comes, contesting said settlement ; the court proceeded to hear the matters pertaining to said accounts.

Whereupon, it is shown by sufficient proof, that said guardian has received, of the assets of said minor, the sum of thirty-five hundred and fifty-two 17-100 dollars, and has justly expended, by way of costs and charges, and paying the just debts of said minor, the sum of five hundred and sixty-four 57-100 dollars; leaving as a balance in the hands of said guardian the sum of twenty-nine hundred and eighty-seven 60-100 dollars; and said account appearing to be in full, and correct, it is ordered and decreed by the court, [that the same] be, and it is hereby, passed and allowed as above stated, and that execution may issue for the amount so found in his hands."

On the same day on which this decree was rendered, John Shackleford was appointed guardian of said minor by said probate court; and on the 8th day of October, 1864, said Shackleford, as guardian, sued out an execution on said decree. Said Cunningham thereupon filed his petition, asking a *supersedeas* of said execution, and an entry of satisfaction of said decree. The petition alleged, as the basis of the relief prayed, that the funds in the hands of said Cunningham at the time of the rendition of said decree, for which said decree was rendered against him, consisted of treasury-notes of the Confederate States, which he had received in the legitimate discharge of his duties as guardian, as assets of the ward's estate; and that on the day after the rendition of said decree, he had paid the amount to said probate judge, and taken from him a receipt, which was appended to the petition as an exhibit, and which was in the following words: "Received of W. R. Cunningham twenty-nine hundred and eighty-seven 60-100 dollars, in Confederate States treasury-notes, in full of a decree this day rendered in the probate court of Macon county against him, as guardian of Shadrach Dick, a minor; also, twenty-nine hundred and forty dollars, in Confederate States treasury-notes, in full of a decree rendered in said court on the same day against him, as the guardian of Meshach Dick, a minor; of which minors John G. Shackleford is the guardian, and who refuses to receive said Confederate notes in payment of said decree; which notes I

am to hold, until the question whether he is bound to take them or not is decided."

The probate court overruled a demurrer to the petition, and, on the evidence adduced, rendered a decree for the petitioner, superseding and quashing the execution, and entering satisfaction of the decree; to which rulings and decree exceptions were reserved by said Shackleford, and he now assigns them as error.

CLOPTON & LIGON, for appellant.
GUNN & STRANGE, contra.

A. J. WALKER, C. J.—The judgment or decree of the probate court, upon a petition for *supersedeas*, or motion to enter satisfaction, is conclusive. No matter antecedent to the judgment, and involved in it, can be brought forward in support of such a motion.—*Watts v. Watts*, 37 Ala. 513; *Burt v. Hughes*, 11 Ala. 571; *Matthews v. Robinson*, 20 Ala. The proof that the assets in the hands of the appellee, as guardian, consisted of depreciated paper, lawfully received by him in the discharge of his duties, and that the same was on hand at the time of the settlement, might have justified him in asking, upon the payment of such money into court, for a discharge without judgment, or in asking, without such a payment, for a reduction of the amount of the decree, to the value of the depreciated paper. But, after the decree was rendered against him, the time for taking these defensive steps was past, unless he could bring himself within the rules of the chancery court, in reference to bills to set aside judgments. Therefore, so much of the allegations and proof as go to show that the decree was improperly rendered, may be dismissed from consideration.

[2.] The decree was for *money*. No other execution than for money could have issued on it. *Money*, as here used, imports a constitutional currency. The plaintiff, upon the rendition of the decree, had a right to payment in gold and silver, unless the law of congress, on the subject of legal-tender notes, has produced a modification of the rule. The decision in *Haynes v. Wheat & Fennell*, (9 Ala. 239,) is assailed, in other cases in this court, as an incorrect

exposition of the law. In this case, it is not necessary to pass upon the correctness of that decision, or to determine whether, even though considered wrong, it shall stand by aid of the doctrine of *stare decisis;* for, though yielding to that decision as authority, we should be compelled to hold that the decree here is not satisfied, for two reasons. The first of these two reasons is, that the probate judge did not receipt for money, but for Confederate treasury-notes, and did not so receipt for money, or return or enter satisfaction, as to render himself and sureties liable for constitutional money. The second is, that the receipt is, when properly construed, not absolute, but conditional, and bottomed upon the condition, that it should be decided that the plaintiff was bound to receive the Confederate treasury-notes; which condition is incapable of fulfillment, for it is firmly settled in the law, that a plaintiff in a judgment is not bound to take any thing but constitutional money in payment of his unconditional judgment.—*Haynes v. Wheat & Fennell, supra; West, Oliver & Co. v. Ball & Crommelin,* 12 Ala. 340 ; *Lyon & Noyes v. Cowles,* at the present term; *Griffin v. Thompson,* 2 Howard, 244; *Given v. Breedlove,* 2 Howard, U. S. 29 ; *McFarland v. Gwinn,* 4 How, 717.

In this case, there is present the further feature, that the Confederate money was paid in disregard of the previously given notification of the plaintiff, to the defendant, that Confederate treasury-notes would not be received, and to the probate judge not to receive them, and that they would not be accepted from him. Upon the legal effect of these facts, we do not find it necessary to pass, and we leave the question to which they give rise, open and undecided.

The decree of the court below is reversed, and a judgment is here rendered, that the petition of the defendant in the decree be dismissed, and his motion overruled ; and he must pay the costs of the court below, and of this court.

BYRD, J.—I cannot yield my assent to the proposition, *even* for the sake of an argument, that the case of *Haynes v. Wheat & Fennell,* (9 Ala. 239,) is a correct exposition of the law, or that Confederate States treasury-notes are, or

*were*, money within any legal signification of the term. I consider the case above referred to as in antagonism to the overwhelming, if not uniform, current of adjudications and authorities, and that it stands as an odd obstruction in the channel of human justice, which ought to be removed at once and forever, and, *if it could be done*, leaving not a wreck behind, to mark the place where it stood.

I assent to the conclusion attained by the court, but not to all the reasoning contained in the opinion.