· MARCUS SMITH *et ux. vs.* BAILEY E. BORDEN.

A judgment against a married woman impleaded without her husband is voidable, not void, and is valid against her until reversed. While unreversed it cannot be impeached in a collateral suit or proceeding.

EXCEPTIONS to the Court of Common Pleas.

*January* 28, 1891. MATTESON, J. This is an action of trespass *de bonis asportatis.* The trespass complained of consisted in the removal on December 5, 1889, of the household goods of the plaintiff, Abby Smith, from a tenement which she had hired from the defendant, and had occupied for several months prior to such removal. The defendant pleaded in justification of the alleged trespass, in substance, that prior thereto the said Abby was his tenant, and had suffered the stipulated rent for the tenement to fall in arrears, and to remain due and unpaid for more than fifteen days after demand made upon her therefor; that thereafterwards he sued out of a Special Court of Common Pleas a writ of trespass and ejectment against her and had the same duly served upon her, and duly entered the same with the declaration accompanying it in said court; that thereafterwards he obtained a judgment against her by default for the recovery of possession of said tenement, and that execution was ordered to issue and did issue on said judgment, directed to the sheriff and his deputies, commanding them to eject the said Abby from said tenement; that he delivered said execution to a deputy sheriff for service, and that said sheriff proceeded to execute the same, and that this was the supposed trespass of which the plaintiffs complain. At the trial in the Court of Common Pleas, the defendant offered in evidence the papers in the suit in the Special Court of Common Pleas referred to in the plea. The plaintiffs' counsel admitted that these papers proved a judgment in favor of the defendant against the plaintiff Abby, and it appearing that the goods for the injury to which this suit is brought were put out of the tenement by the deputy sheriff under the process of the Special Court of Common Pleas, the court ruled that the defendant could not be held liable therefor, and that this action could not be maintained, and accordingly directed the jury to return a verdict for the defendant. To this ruling and direction the plaintiffs excepted.

The question raised by the exceptions is whether a judgment against a married woman sued without her husband is to be regarded as void or as merely erroneous and voidable; for if void, it was a nullity, and afforded no protection to the defendant. If, however, on the other hand, it was merely erroneous and voidable, it would be valid until set aside, and, having never been set aside, it was a valid subsisting judgment at the time of the service of the execution, and was a complete justification to the defendant for all acts done under its authority. We think that it was voidable, and not void. The rule is, that the judgment of a court having jurisdiction of the subject-matter and of the person, though erroneous, is not void, but is binding and conclusive upon the parties until it is set aside ; that it cannot be impeached in any collateral suit or proceeding, but only on appeal, by writ of error, or by some appropriate proceeding operating directly upon it instituted for that purpose. Nor does the fact that the judgment was against a married woman sued without her husband take the case out of the rule. In Gould on Pleading, cap. 5, §§ 88, 89, it is said, " When a *feme covert* is sued alone, she can plead the coverture only *in abatement.* For the defence does not deny the *right of action ;* and therefore, if she omits to plead it as a *dilatory* plea, she *waives* it, so far as regards her own privilege, and tacitly admits that she is liable to be sued alone. . . . But she can by no admission or omission waive any right of her *husband.* And therefore, if she omits to plead her coverture, he may at any time come in and plead it in *bar.* And if both of them omit to plead it, and judgment is given against her, the judgment may be reversed by writ of error, in which they must both join as plaintiffs in error." Until reversed, then, the judgment, though erroneous, stands as a valid judgment. The same doctrine has been recognized and maintained by numerous authorities, which hold that, in cases where the defence of coverture has not been interposed, judgments against married women founded upon *contracts* even, which they are incompetent to make, are nevertheless binding upon them until set aside upon appeal, or by some appropriate method. *Gambette* v. *Brock,* 41 Cal. 78, 82, 83 ; *Burk* v. *Hill,* 55 Ind. 419 ; *Hinsey et ux.* v. *Feeley,* 62 Ind. 85, 87 ; *Spalding* v. *Watken,* 7 Bush, Ky. 659, 663 ; *Vantilburg* v. *Black,* 3 Mont. 459, 467, 468 ;

*Green* v. *Branton*, 1 Dev. Eq. 504, 508 ; *Vick* v. *Pope*, 81 N. Car. 22, 26, 27 ; *Sheppard* v. *Kendle*, 3 Humph. Tenn. 81, 82 ; *Chatterton* v. *Young*, 2 Tenn. Ch. 768, 770 ; *Howell* v. *Hale et ux.* 5 Lea, Tenn. 405, 410 ; *Howard* v. *North*, 5 Texas, 290, 298 ; *Phelps* v. *Brackett*, 24 Texas, 236, 237 ; *Moses* v. *Richardson*, 8 B. & C. 421. See, also, note to *Caldwell* v. *Waters*, 55 Amer. Decis. 599, 600. If this doctrine be applicable to a judgment against a married woman founded upon a contract which she is incapable of entering into, we can perceive no reason why it should not apply with at least equal force to a judgment against her founded upon her tort.

We are of the opinion that the ruling and direction of the Court of Common Pleas were correct, and that the exceptions should be overruled.

*Charles H. Page & Franklin P. Owen,* for plaintiff.
*Charles M. Salisbury,* for defendant.