EDWARD TUCKER *vs.* ALBERT H. CARR *et al.*

WASHINGTON—APRIL 26, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Final judgment was entered in an action that had been pending more than three years; and a suit on the bond, given to release personal property attached on the writ in the first case, also proceeded to judgment and execution; upon petition for a new trial of the latter suit, on the ground that the original plaintiff gave the defendant a release after the attachment and before the return day of the first writ:—

*Held,* that the petition could not be granted. If the release were pleaded in the first case, the court must have found it invalid in order to have rendered final judgment for the plaintiff; if it were not pleaded, the judgment is still conclusive, as this was a defence within the knowledge of the defendant and he could have pleaded it.

A judgment is conclusive against all defences which might have been set up before it was rendered, and this is true for the purposes of every subsequent suit between the same parties and their privies, whether founded upon the same or a different cause of action.

At common law the death of the plaintiff after judgment suspends the right to issue execution until the judgment is revived by *scire facias.*

A bond given to release an attachment of personal estate contained a provision that it should be void if, at any time after the final judgment, the goods, upon request therefor, be returned to the officer taking the bond:—

*Held,* that possession of an execution upon such judgment was not necessary to enable the officer to demand return of the property.

DEBT ON BOND. Heard on defendants' petition for a new trial.

STINESS, J. August 8, 1884, Abby Lawton sued out a writ against Albert H. Carr, in assumpsit, for rent, which

was served August 14, 1884, by attachment both of real and personal property. The next day the sheriff surrendered the personal property attached, upon a bond, under Pub. Laws R. I. cap. 207, § 20. At the November term, 1889, of the Court of Common Pleas in Washington county, judgment was entered for the plaintiff for $1,026.38. Abby Lawton died November 22, 1888. Execution issued December 7, 1888. Edward Tucker, deputy sheriff, demanded a return of the property and then brought suit on the bond, January 9, 1889; and at the September term of this court in Kent county, 1889, judgment was rendered thereon against all defendants; and, on chancerization, execution was ordered for $540.50. November 19, 1889, a petition for a new trial was filed, and execution stayed. This continued until May 20, 1896, when the petition was dismissed and execution ordered. May 26, 1896, this motion for a new trial and for a stay of execution was filed. It is based upon the grounds that Abby Lawton gave to Albert H. Carr a general release under seal, August 21, 1884, between the service of the writ and the return day, in view of which the plaintiff ought not to hold his judgment and execution; and also that the execution was void, by reason of the death of the plaintiff, and so no valid demand for the return of the property could be made under it.

We cannot sustain the motion upon the first ground. The original case in which the bond was given was pending more than three years after the date of the alleged release before judgment was rendered. We are not informed that the release was pleaded, but we infer, from statements in the brief of the defendants, that it was not. If it was pleaded, we are bound to presume that the court found it to be invalid, for fraud, want of consideration, or other cause; because otherwise the court could not have given judgment for the plaintiff, and the judgment upon such plea would be conclusive of the matter. If it was not pleaded, still the judgment is conclusive. It was within the knowledge of the defendant; he could have pleaded it; and a judgment is conclusive against all defences which might have been set up before it was ren-

dered. And this is true for the purposes of every subsequent suit between the same parties and their privies, whether founded upon the same or a different cause of action. 2 Black Jud. § 754. In *Bird* v. *Smith*, 34 Me. 63, the court says: "The judgment is conclusive evidence that it was due to its full amount when recovered. And the introduction of evidence, which existed before the rendition of the judgment, to show that it is not all due, would impair the force and effect which the law gives to it." In *Shackleford* v. *Cunningham*, 41 Ala. 203, the court held that, on motion to enter satisfaction, the judgment of a Court of Probate is conclusive and that no matter antecedent to the judgment and involved in it can be brought forward in support of such motion. In that case the antecedent matter was that the funds in the hands of the defendant were in confederate notes of no value. See also *Biddle* v. *Wilkins*, 1 Pet. 686 ; *Foster* v. *Wood*, 6 Johns. Ch. 86. The case of *Merrifield* v. *Baker*, 11 Allen, 43, cited by the defendants, was a suit in which a release was expressly set up as a defence, and, therefore, it is not in point upon this question.

The defendants claim that the release was lost and not found until recently. It does not appear when it was lost, but Carr's agent and bondsman in the original case says that it was in his hands at the court to which the writ was returnable, and that he delivered it to an attorney with the request to answer the case. It could, therefore, have been pleaded and, if subsequently lost, it could have been proved by secondary evidence.

Moreover, as we have said, the case was pending for three years before judgment, and, under our law, a year after judgment is allowed within which to petition for a new trial ; but during all this time, so far as appears, the claim of a release was not brought upon the record. About a year after the judgment Abby Lawton died and suit was brought upon the bond; and at the September term, 1889, judgment was rendered. A petition for new trial was then filed, in which the claim of a release was made. The petition was pending until April, 1896, when it was dismissed, and there-

upon the present motion was filed, and now the release is produced. In view of this lapse of time, of the neglect to answer the two suits, after two judgments and after the death of Abby Lawton, who alone could dispute the release, we think that the defendants come too late to urge that ground, either for a rehearing or for a stay of execution. As was said by the court in *Draper* v. *Bishop*, 4 R. I. 489, a case of less delay than this, it seems like a new mode of defending against a claim. And if a new trial of the suit on the bond should be given it could avail the defendants nothing, for they could not go behind the judgment, and, therefore, upon the release they could have no defence.

But, in addition to this, we may properly say that we are not satisfied that the application is made out upon its merits. According to the affidavits, it was a release given without any consideration by a woman feeble in health and over eighty years of age, upon the claim that Carr owed her nothing. It also appears that her claim was for rent; that Carr had lived upon her premises for a number of years; that he vacated the premises afterwards under threat of an action in ejectment; that Mrs. Lawton said to her attorney that Carr had owed her for some small sums of money borrowed from her by him, which he had paid and for which she had given him a receipt, which may have been the release in question. In view of these statements, and more especially of Carr's conduct as to the release, we are not satisfied as to its validity.

The second ground of the motion is that no legal demand was made for the property, because the execution, which issued after the plaintiff's death, was void.

Undoubtedly at common law the death of the plaintiff, after judgment, suspends the right to issue execution until the judgment is reviewed by *scire facias*. 1 Freeman on Ex. § 35, 2 ed. The execution in the original case was therefore irregular. In *Hodges* v. *White*, 19 R. I. 717, we held that the execution issued after the death of a party was voidable and not void. But that question is not important on the present motion. The statute, Pub. Laws cap. 207, § 20,

does not require that the officer should have the execution in order to make a demand. The language of the condition is that the bond shall be null and void if, at any time after final judgment, the goods shall, upon request therefor, be returned *to the officer taking such bond,* or to any officer who shall be charged with the service of an execution levied upon the judgment rendered in such action. The word "levied," as used above, does not make sense of the sentence. It is evidently a misprint, and in Gen. Laws, cap. 253, § 18, it was changed to "issued" upon the judgment. The condition of the bond would, therefore, be satisfied by a return, on request, either to the officer who took the bond, or to an officer who should be charged with the service of an execution issued on the judgment, unless such judgment shall have been paid.

We therefore decide that the demand made by Tucker was sufficient to maintain the action, and that there is no ground for a new trial upon the second point.

Motion dismissed.

*Samuel W. K. Allen,* for plaintiff.

*Stephen O. Edwards, Walter F. Angell, and Seeber Edwards,* for defendants.