H. F. WATSON COMPANY *vs.* CITIZENS CONCRETE COMPANY.

NOVEMBER 1, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Judgments. Records. Former Judgment.*

Where the record shows a judgment upon the merits in favor of a defendant in a prior action between the same parties, and upon an identical cause of action, such judgment is a bar to a subsequent action, and, no proceedings having been taken to set aside such judgment, the court can not consider in the latter action the fact alleged by plaintiff, that the verdict was directed by the court in the former action on grounds that did not affect the merits of the case.

ASSUMPSIT. Heard on exceptions of defendant, and sustained.

BLODGETT, J. On August 15, 1904, the plaintiff commenced this action of assumpsit for the recovery of the value of certain goods alleged to have been sold to the defendant, "Daniel F. Grady, doing business as the Citizens Concrete Co.," and has recovered a verdict in his favor, and the cause is now before the court on the defendant's exceptions.

The defendant's second plea in bar to this action is that in a

prior action between the same parties, commenced February 23, 1904, in the same court and for the same subject-matter, "the jury rendered a verdict for the defendant in said cause, and thereupon the said defendant, by consideration of the same court did recover judgment against the plaintiff and its costs of suit, as by record thereof now remaining in said court more fully appears," &c.    To this plea the plaintiff's replication, after setting forth the direction of a verdict for the defendant by the court upon a ground therein specified, avers "that said verdict in said former action in said plea mentioned was not directed upon the merits of said action and said judgment was not rendered upon the merits of said action;" and further avers "that the issue in said former case was and is not identical with the issue in this said present action."

(1)    An examination of the pleadings and record in the action commenced February 23, 1904, discloses that with other pleas the defendant pleaded the general issue to the declaration, and it is conceded that the parties thereto and the cause of action therein are identical.    The verdict returned in this prior action on June 30, 1904, is as follows: "The jury find that the defendant Daniel F. Grady doing business as the Citizens Concrete Co. did not promise in manner and form as the plaintiff corporation has in its declaration thereof complained against him."    This verdict was duly accepted by the court and recorded by the clerk, and, in accordance with the statute, on the seventh day thereafter judgment was duly entered thereon, as appears by the clerk's minutes on the papers in the case, as follows: "July 7, as of June 30.   Judgment on verdict for deft. with costs taxed at $  ."    The more formal extension of the record, after setting forth the plea of the general issue and the other pleadings in the case, is as follows: "And issue being thereupon joined, said case, being called for trial, is argued by counsel and committed to a jury duly impaneled and sworn to try the issue joined, who by direction of the court  .  .  .  return a verdict for the defendant.   It is therefore considered by the court, that said defendant recover and have of said plaintiff corporation its costs of defense taxed at $  ."

It is too obvious to require further comment that this verdict was on the merits of the case, and that the judgment for the defendant rendered thereon is a bar to this action.

The plaintiff's contention is to the effect that the stenographic transcript of the testimony shows that the verdict was directed by the court on other grounds. The propriety of that instruction is not before the court for consideration, nor is it necessary to consider what effect should be given to such a transcript, or even to decide upon its admissibility. The fact remains that the record shows the verdict which was returned by the jury and the judgment which was entered by the court thereon, and no proceedings were ever taken to question the propriety of either of them.

In *Smith* v. *Borden*, 17 R. I. 220, 221, this court said: "The rule is that the judgment of a court having jurisdiction of the subject-matter and of the person, though erroneous, is not void, but binding and conclusive upon the parties until it is set aside; that it can not be impeached in any collateral suit or proceeding, but only on appeal, by writ of error, or by some appropriate proceeding operating directly upon it instituted for that purpose."

It follows that the defendant's exception to the refusal of the court "to direct a verdict for the defendant on the issue raised by the pleading of former judgment recovered by the defendant" must be sustained, and the case must be remanded to the Superior Court with direction to enter judgment for the defendant.

*William M. P. Bowen*, for plaintiff.

*Bassett & Raymond and Russell W. Richmond*, for defendant.