HENRY C. McDUFF ESTATE *vs.* CHARLES M. KOST.

JANUARY 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This cause is before the court on complainant's appeal from a final decree entered in the Superior Court dismissing the bill of complaint after hearing upon bill, answer and proof. The reasons assigned for the appeal are that the decree is against the law and the evidence.

The bill is brought to restrain respondent from levying an execution against Albert H. Martin and his wife Lillian upon real estate owned by her and upon which complainant has mortgages. The principal question raised by the pleadings and the evidence is whether, under § 4268, G. L. 1923, requiring mortgages to be recorded, an attachment on real estate made without notice of an unrecorded mortgage thereon will take precedence over the mortgage.

Complainant is engaged in the sale of building materials and in financing land developments. Mr. Martin is a con-

tractor and builder. Complainant agreed to finance Mr. and Mrs. Martin in building three houses. To carry out this agreement complainant paid the balance due on three lots of land the Martins had agreed to purchase and received a deed of each lot to Mrs. Martin. The deeds were dated September 30 and October 19 and 21, 1929. The Martins executed and delivered a mortgage for $4,000 on each lot to complainant. The mortgages were dated October 5 and 23 and November 14. The amount of each mortgage included the cash paid by complainant to procure the deed, the value of the building materials to be furnished and the cash to be advanced. The deeds and the mortgages were kept by complainant until June 27, 1930, when they were left for record.

January 8, 1930, respondent Kost commenced an action of assumpsit against the Martins by attaching all their right, title and interest in said three lots to the amount of $3,000. The writ was duly entered in the Superior Court. Mr. Martin answered the case. October 4, 1930, the defendants were defaulted and judgment was entered for respondent for $2,119.14 and execution issued thereon November 21, 1930.

Complainant's manager testified that upon the delivery of the deeds the Martins were virtually owners of the land and commenced to build houses thereon and that complainant furnished them with building materials worth more than $8,000. He also testified that the delay in recording the deeds and mortgages was made in compliance with a request made by the Martins who did not want a certain creditor to know they were doing business with complainant. He further testified that he did not know that the respondent had any claim against the Martins until he read of the attachment in a trade journal and that he then caused the deeds and mortgages to be recorded.

It is alleged in the bill that respondent had full knowledge and notice of complainant's unrecorded mortgages

when he attached the property. The trial justice found that this allegation was not proven and that the mortgages were void as to the respondent and did not take precedence over his attachment and execution. Complainant contends that the court erred in these findings.

Our recording statute, § 4268, G. L. 1923, provides, among other things, that every mortgage shall be void unless recorded, except as against those taking by gift or devise or those who have notice of the same. These words are clear and explicit and leave no room for doubt as to their meaning and effect.

Complainant cites *Carroll et al.* v. *Ryder et ux.*, 34 R. I. 383, in support of its contention. This was a bill for reformation of a deed on the ground of mutual mistake in the description of the land intended to be conveyed. The court held that the complainants were entitled to relief. Before the bill was filed, and without notice of complainants' equity, a creditor of the respondents attached the land in question as the property of the respondents. The court held that the attached land stood in the names of the respondents through a mutual mistake with complainants and that, in the circumstances of the case, the court would not be justified in permitting the attachment against the respondents to remain on the land which really belonged to complainants. In its opinion the court said: "The rights of attaching creditors must be determined by the state of the title at the time the attachment was made, and in the absence of fraud and statutory regulations they only obtain the rights which the debtor had in the property at the time, for the creditor is not in the position of a *bona fide* purchaser." Applying this statement of the law to the facts in this case we find that "the state of the title at the time of the attachment" was in the Martins and that by "statutory regulations" complainant's unrecorded mortgages were void as to the respondent for his want of notice of them. In *Winnerman et ux.* v. *Angell*, 26 R. I. 278, it

appeared that when complainants purchased some land they had no actual knowledge of the transfer of a mortgage thereon which appeared on the record to have been discharged. It was held that complainants were entitled to have the transfer of the mortgage cancelled.

Complainant cites *Piantadori* v. *Nally et al.*, 233 Mass. 158, wherein the court held that an attachment of land as Mary A. Nally's was void because she had no title to the land at the time the attachment was made. In its opinion the court, at page 161, said: "It is true that by virtue of R. L. c. 127, § 4, a creditor of Stone, (who held the record title) without actual notice of the unrecorded deeds, could have attached the land as Stone's property." To the same effect see *Woodward* v. *Sartwell*, 129 Mass. 210; *Hughes* v. *Williams*, 218 Mass. 448; *Harris* v. *Arnold*, 1 R. I. 125; 6 C. J. 295, 297.

Under the law and the facts we find no error in the findings of the trial justice. Complainant agreed with the Martins to withhold the deeds and the mortgages from record. It is doubtful if any person, other than the immediate parties to the transaction, knew of the existence of the mortgages. Certainly it does not appear that the respondent had any knowledge of their existence.

Complainant claims that Mrs. Martin owes respondent only $18.45 and alleged in its bill that respondent's judgment against her and her husband for $2,119.14 was fraudulent and made for the purpose of defrauding complainant. The trial justice found that no evidence was offered to prove this allegation and ruled that the judgment could not be attacked collaterally. This ruling was correct as we have held that a judgment can not be attacked collaterally except for fraud or lack of jurisdiction. *H. F. Watson Co.* v. *Citizens Concrete Co.*, 28 R. I. 472; *Smith* v. *Borden*, 17 R. I. 220; *Hall* v. *Anthony et al.*, 13 R. I. 221; 34 C. J. 511.

The appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*James E. Brennan, Raymond D. Brennan,* for complainant.

*Christopher J. Brennan,* for respondent.