271 A.2d 811.

BENJAMIN METTS *vs.* B. B. REALTY COMPANY.

DECEMBER 22, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an appeal from a judgment entered in the Superior Court granting the defendant's motion for summary judgment under Super. R. Civ. P. 56.

In examining the record we find that the appeal which plaintiff is now prosecuting is from a written decision, rather than from a written order or judgment as required under Super. R. Civ. P. 73. Such a procedural defect would ordinarily be fatal because appeals lie only from a judgment. Further, this judgment must be set forth on a separate document. *East Providence Credit Union* v. *Brown*, 104 R. I. 92, 242 A.2d 428. To avoid the delay which would ensue were we to dismiss this appeal for non-compliance with this procedural requirement, we have sua sponte remanded the papers to the Superior Court for the entry of a nunc pro tunc judgment incorporating the written decision. The judgment has been duly entered and the papers returned to this court. We now consider the case as properly here. See *Malinou* v. *Kiernan*, 105 R. I. 299, 251 A.2d 530.

The plaintiff commenced this action by filing a complaint against defendant on November 26, 1968, in the District Court of the Sixth Judicial District (now the Sixth Division of the District Court). The complaint alleges that on August 16, 1968, plaintiff was lawfully occupying, as the tenant of defendant, a certain apartment; that on August 16, 1968, defendant unlawfully caused plaintiff and his possessions to be evicted therefrom; and that because of said unlawful eviction plaintiff suffered certain damages.

The defendant filed an answer which alleged two defenses. The first is a general denial. The second sets up an affirmative defense of res judicata, based on a judg-

ment recovered by defendant in a prior action of trespass and ejectment. That case is entitled B. B. Realty Company v. Metts, Civil Action No. 365846.

On November 29, 1968, defendant filed a motion for summary judgment with a supporting affidavit. Thereafter, on January 3, 1969, plaintiff filed an opposing affidavit. On January 16, 1969, after a hearing in the district court, defendant's motion for summary judgment was granted by that court. The plaintiff then filed an appeal to the Superior Court for a hearing de novo.

In the Superior Court defendant again filed a motion for a summary judgment on the ground that the instant action was "res judicata." The defendant filed a supporting affidavit which recites the travel of the trespass and ejectment case in the district court. It is alleged therein that on June 6, 1968 defendant B. B. Realty Company commenced an action for possession and costs in the then Sixth District Court against plaintiff; that defendant was the owner of the premises in question; that on July 9, 1968, the court awarded possession and costs to defendant; and that an execution was issued on July 11, 1968. A copy of the execution was attached to the affidavit and made a part thereof. The return on the execution states that it was executed on August 16, 1968.

The plaintiff filed an opposing affidavit in which he alleged that on June 1, July 1, and August 1, 1968, he paid defendant the rent for said months by three separate checks which were received, cashed and accepted by defendant as such; that at the time defendant obtained the judgment for possession and costs, plaintiff owed defendant no rent; and that by virtue of the acceptance of the foregoing payments of rent by defendant, plaintiff was the lawful tenant and not subject to eviction by defendant.

The motion for summary judgment was heard before a justice of the Superior Court. There being nothing in plaintiff's affidavit which negated or contradicted the statements set forth in defendant's supporting affidavit, the trial justice granted defendant's motion. We affirm the judgment entered in the Superior Court.

The decisive issue is whether the judgment entered in the trespass and ejectment case is res judicata here. We hold that it is.

In *Smith* v. *Borden,* 17 R. I. 220, 21 A. 351, the plaintiff brought an action of trespass *de bonis asportatis* in the Court of Common Pleas for damages resulting from the removal of household goods from a tenement which plaintiff had rented from the defendant and had occupied for several months. The defendant pleaded in justification of the alleged trespass, in substance, that he had brought an action of trespass and ejectment against the plaintiff in the Special Court of Common Pleas for nonpayment of rent; that thereafter he obtained a judgment by default for the recovery of possession of the tenement in question; and that this was the supposed trespass of which plaintiff complained.

At the trial in the Court of Common Pleas, defendant offered in evidence the papers in the suit in the Special Court of Common Pleas. The plaintiffs admitted that these papers proved a judgment in favor of defendant, and it appearing that the cause was properly within the jurisdiction of the Special Court of Common Pleas, the Court of Common Pleas ruled that the defendant could not be held liable therefor, and that this action could not be maintained, and, accordingly, directed the jury to return a verdict for the defendant. On appeal, the Supreme Court said at 221-22, 21 A. at 351:

"If, however, on the other hand, it was merely erroneous and voidable, it would be valid until set aside,

and, having never been set aside, it was a valid subsisting judgment at the time of the service of the execution, and was a complete justification to the defendant for all acts done under its authority. We think that it was voidable, and not void. The rule is, that the *judgment of a court having jurisdiction of the subject-matter and of the person, though erroneous, is not void, but is binding and conclusive upon the parties until it is set aside; that it cannot be impeached in any collateral suit or proceeding, but only on appeal, by writ of error, or by some appropriate proceeding operating directly upon it instituted for that purpose.* * * * Until reversed, then, the judgment, though erroneous, stands as a valid judgment. * * * (Italics ours.)

"We are of the opinion that the ruling and direction of the Court of Common Pleas were correct * * *."

There is ample authority in this state for the rationale in *Smith* v. *Borden, supra.* See also *Bradford* v. *Burgess,* 20 R. I. 290, 38 A. 975; *Tucker* v. *Carr,* 20 R. I. 477, 40 A. 1; *Harding* v. *Carr,* 79 R. I. 32, 83 A.2d 79; *Coates* v. *Coleman,* 72 R. I. 304, 51 A.2d 81; *Roukous* v. *DeGraft,* 40 R. I. 57, 99 A. 821; *Di Iorio* v. *William H. Considine & Co.,* 54 R. I. 361, 173 A. 79.

The plaintiff argues, as we understand him, that he should be allowed to maintain this suit as an independent action under the last two sentences in Super. R. Civ. P. 60(b).[1]

The weakness in plaintiff's argument is that this is not an independent action, but a collateral attack and there-

---

[1] The pertinent portion of 60 (b) reads as follows:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

fore Rule 60(b) is not applicable. A judgment cannot be attacked collaterally except for fraud or lack of jurisdiction. *Smith* v. *Borden, supra; H. F. Watson Co.* v. *Citizens Concrete Co.*, 28 R. I. 472, 68 A. 310; *McDuff Estate* v. *Kost,* 52 R. I. 136, 158 A. 373.

The plaintiff states in his brief that the affidavit filed by defendant in support of its motion for summary judgment is invalid, because it was not signed or sworn to by defendant and it does not appear in what capacity the affiant, defendant's attorney of record, executed it or that he or defendant had personal knowledge of its contents.

The affidavit in question was signed by defendant's attorney of record and recites only matters of record pertaining to the trespass and ejectment case. The plaintiff does not challenge the accuracy or truth of the allegations in defendant's affidavit. In the circumstances, we find no merit in plaintiff's challenge. Nor do we find any merit to his claim that the affidavit contains conclusions of law rather than statements of fact. As we have pointed out above, the affidavit consists entirely of statements of fact concerning the record of the prior action between these parties.

The plaintiff has made certain other statements in his brief which are not in the record and, therefore, are not before us and require no discussion or consideration.

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

*Joseph G. LeCount,* for plaintiff.

*Levy, Goodman, Semonoff & Gorin, Norman G. Orodenker,* for defendant.