ELIAS S. ROUKOUS *vs.* JAMES L. DEGRAFT.

FEBRUARY 14, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)    Trespass.   Mesne. Profits.*

Where defendant occupied premises of plaintiff from September 2, 1913, to June 23, 1914, during which time he did not pay the stipulated rent, and May 23, 1914, plaintiff commenced an action of trespass and ejectment, the declaration alleging that defendant on said 23d day of May, 1914, wrongfully detained possession of the tenement from plaintiff, the tortious holding of defendant commenced on May 23d, and when the judgment in the ejectment suit became final that question became *res adjudicata,* so that plaintiff in an action of trespass for mesne profits could recover damages for wrongful occupation only from May 23 to June 23, 1914.

TRESPASS for mesne profits. Heard on exceptions of defendant and sustained.

VINCENT, J. This is an action of trespass for mesne profits. The defendant occupied certain premises of the plaintiff from September 2, 1913, to June 23, 1914, during which time it does not appear that he paid any rent. On May 23, 1914, the plaintiff commenced an action of trespass and ejectment to recover possession of his premises and was awarded judgment for possession by the District Court of the Tenth Judicial District and possession was delivered to him on June 23, 1914.

On the 18th of July, 1914, the plaintiff brought his action of trespass for mesne profits against the defendant, in said District Court, alleging the wrongful occupation of the premises by the defendant.

In his bill of particulars the plaintiff claimed damages from September 17, 1913, to June 23, 1914, nine months and six days, at $12 per month, amounting to $111. The District Court gave a decision for the plaintiff for $64.30 damages and $3.15 costs. The defendant claimed a jury trial and in the Superior Court a verdict was directed for the plaintiff in the sum of $92, to which ruling of court the defendant took an exception. Exception was also taken by the defendant to the refusal of the trial court to charge the jury as requested. Both of these exceptions raise the same question. The plaintiff claims that he is entitled to recover damages for a period beginning September 17, 1913, and ending June 23, 1914. In other words he claims that on the 17th of September, 1913, the stipulated rent being fifteen days in arrear, the plaintiff had a right of reëntry, the defendant's eviction in law began, and the right to mesne profits accrued. On the other hand the defendant claims that the relations between him and the plaintiff were, in the first instance, contractual in character and that they so continued down to the commencement of the ejectment proceedings on May 23, 1914, and that only upon and after the institution of such proceedings did the defendant's occupation become tortious and therefore he would only be liable in

damages for his occupation from the date of the eject-
(1) ment suit, May 23, 1914, to the date when the plaintiff
recovered possession·on June 23, 1914.

'' Mesne profits is a sum recovered for the value or
benefit which a person in wrongful possession has de-
rived from his wrongful occupation of land between the
time when he acquired wrongful possession and the time
when possession was taken from him.'' 20 Am. Eng.
Encyc. of Law (2d Ed.) 609. This proposition does not
seem to be disputed. The controversy arises as to the
time when the wrongful or tortious occupation com-
menced. The action for mesne profits differs from an
action for use and occupation. The latter is founded
upon a promise express or implied, while the former
springs from a trespass and a tortious holding.

On May 23, 1914, the plaintiff brought his suit in eject-
ment against the defendant to recover possession of the
tenement to which the present action relates. The
declaration in the ejectment suit alleged that the defend-
ant on said 23rd day of May, 1914, wrongfully detained
from the plaintiff, &c., possession of the tenement. Upon
this ejectment suit the plaintiff obtained a judgment and
later the possession of the property.

We think that the tortious holding of the defendant
commenced on May 23, 1914, and that when the judgment
in the ejectment suit became final that question became
res adjudicata. The plaintiff is entitled to recover the
sum of $12 as damages for the wrongful occupation of the
premises in question, by the defendant, from May 23, to
June 23, 1914, and that as a matter of law he is not
entitled to recover anything more.

The defendant's exceptions are sustained. The case is
remitted to the Superior Court with instruction to grant
the defendant a new trial unless the plaintiff shall remit
all of his said judgment in excess of the sum of $12.

*Bellin & Bellin, John L. Maroney,* for plaintiff.
*Brennan & Connolly,* for defendant.