BRADFORD CAMPBELL *vs.* LEDERER REALTY CORP. *et al.*

JUNE 24, 1925.

PRESENT:   Sweetland C, J., Stearns, Rathbun, and Sweeney, JJ.

*(1)   Equity Pleading.   Bill for Accounting for Rents.*

On bill brought by heirs seeking accounting of rents collected by respondent who bought premises at a void judicial sale, made by an administrator of the estate.

*Held,* that any question as to whether the remedy was by action of trespass for mesne profits and not in equity was settled by the action of respondent in causing a third party to be brought in as a respondent and by the subsequent proceedings in the case.

*(2)   Probate Law.   Administrators.   Rents.*

Where an administrator who had been authorized to collect rents was removed for maladministration, aside from the doubt whether the right to collect rents passed to the new administrator; where the latter makes no claim of the right, and respondent who bought the premises at a void judicial sale has collected the rents as of his own right, on bill by the heirs for an accounting he cannot be permitted to claim to act under right of the administrator.

*(3)   Property Bought at Void Sale.   Accounting.*

Where respondent purchased premises at a void judicial sale, and made most of improvements after the sale had been declared void, voluntarily and without regard to the wishes of the owners and it appears that respondent had doubt of its title to the property from the first and the changes and improvements were not necessary, on bill for accounting by heirs, claim for improvements was properly denied.

*(4)   Accounting.   Interest.*

On bill for accounting for rents, interest on the amount found due at the rate of 6% was proper.

BILL IN EQUITY for accounting.  Heard on appeal of a respondent.  Appeal denied.

STEARNS, J.   Bill in equity (filed June 16, 1921), for an accounting from the Lederer Realty Corporation of the rents received by it from certain real estate on Pine Street, Providence, to which complainant holds the legal and record title.

The original respondents were the Lederer Realty Corporation and Henry M. Boss, the present administrator, d. b. n. of the estate of James Campbell, the original owner of the property.

The litigation, of which this proceeding is a part, has been carried on for nearly twenty years.   An outline of the history of the case is given in *Campbell* v. *Metcalf*, 43 R. I. 257, and only such facts as are indispensable are stated herein.

Respondents' demurrers to the bill, on the ground that complainant's remedy was at law and not in equity, were overruled.   On motion of the Lederer Realty Corporation (April 27, 1923), Elisha J. Campbell was made a party respondent; thereafter he filed an answer and cross bill against the complainant.

The Lederer Realty Corporation's answer included a cross bill against Boss administrator d. b. n.

The cause was heard in the Superior Court on the pleadings, agreed statement of facts and oral proof.

Elisha J. Campbell was appointed administrator of the estate of his father, James Campbell, September 6, 1904; he was removed as administrator November 17, 1906. Edward P. Metcalf was then appointed administrator, d. b. n. and was empowered to collect the rents of the Pine street property; December 18, 1908, the probate court granted the petition of Metcalf to sell the Pine street property for the payment of the debts of said estate, which was represented to be insolvent.   December 24, 1908, an appeal therefrom was taken but not perfected by Elisha J. Campbell.   February 10, 1911, a decree was entered in the probate court, confirming the decree of 1908 authorizing the sale.   February 11, Elisha J. Campbell notified the Lederer Realty Corporation that he would contest the validity of this decree.   March 7, 1911, Metcalf sold the real estate to the Lederer Realty Corporation for $16,500 and it was agreed between Metcalf and the Lederer Realty Corporation that the former should hold the amount received for the sale in a special and separate fund until all possibility of litigation that might in any way affect the title should be finally determined, either in favor of or against the latter, and in the event of any dispossession, to repay said purchase price to the latter; the Lederer Realty Corporation at the same

time took out an insurance policy on the title. March 22, 1911, Elisha J. Campbell filed his appeal from the decree of sale of February 10th. In *Campbell* v. *Metcalf*, Admr., 33 R. I. 453 (decided March 6, 1912), it was held that the sale was void. Thereafter Metcalf, at different times, filed other petitions to sell the property, but did not press any of them. June 29, 1917, Metcalf was removed as administrator; the respondent Boss was appointed administrator, d. b. n., and thereafter received, in his individual capacity, from Metcalf $14,452.92, the balance remaining of the special purchase price fund (43 R. I. 257, 266). In January, 1918, complainant, claiming title as grantee under certain conveyances from the heirs of James Campbell, ejected the Lederer Realty Corporation from the Pine street property, and took possession thereof. Thereafter, in 1918, the Lederer Realty Corporation brought a bill in equity against Boss for an accounting of the purchase price with interest, and for payments made by it for improvements, repairs, taxes, insurance, water bills and other expenses, less the rents collected by it from 1911 to 1918.

In *Campbell* v. *Lederer Realty Corporation et al.*, Eq. No. 634 (Rescript, June 25, 1924—125 Atl. 222), it was held that the deed on which complainant bases his title, although absolute on its face, was in effect a mortgage from Elisha J. Campbell to complainant; that Elisha was entitled to an accounting from the complainant and the Lederer Realty Corporation, for the rents collected by either of them from the Pine street estate. As the bill now stands, certain heirs of James Campbell seek an accounting of the rents collected from March 1, 1911 to March 1, 1918, from the Lederer Realty Corporation which bought the property in 1911 at a void judicial sale made by the then administrator of the Campbell estate.

The cause is here on the appeal of the Lederer Realty Corporation from a decree of the Superior Court entered January 22, 1925, whereby it was adjudged that said corporation owed as of March 1, 1918, to the heirs of James

Campbell or their assignees for net rentals $14,158.49 with interest at six per cent; that the administrator Boss should pay to the Lederer Realty Corporation the special fund ($14,445.92) held by the administrator in his individual capacity, with the interest (4%) actually accrued thereon. To other parts of the decree it is not now necessary to refer as no appeal was taken therefrom.

Lederer Realty Corporation, the only appellant, claims that the bill should be dismissed, as the remedy is by action (1) at law of trespass for *mesne* profits, and not in equity. The proceeding in equity is proper. Any technical doubt on this point was settled adversely to appellant's claim by its action in causing the court to make Elisha J. Campbell a party respondent, and by the subsequent proceedings in the cause. The claim that the heirs have been guilty of laches is answered by an inspection of the record. No part of the accounting for rents is barred by the statute of limitations. Although a court of equity often acts on the analogy of the statute of limitations, there is no occasion in this case for any such action. The heirs have not slept on their rights and the Lederer Realty Corporation has suffered no disadvantage from any lack of action on their part.

Appellant contends that the administrator Boss and not the heirs is entitled to collect and receive the rents; that, although no such express authority was granted to Boss, he succeeded to such authority previously granted to his predecessor Metcalf, and that consequently the accounting for rents should be with Boss and not the heirs. In view of the fact that the preceding administrator was removed (2) for maladministration, it is extremely doubtful if the right to collect rents passed to Boss the new administrator. But the administrator makes, and has made, no claim of the right to collect the rents. The Lederer Realty Corporation has collected the rents as of its own right. It can not now be permitted for its own benefit to claim to act under right of the administrator. We have heretofore decided that the Lederer Realty Corporation must account to the heirs for

rents collected by it while in possession of the property. (125 Atl. 222).

The Superior Court properly refused to allow the claim of the Lederer Realty Corporation for certain improvements made on the property. The greater part of these improvements was made after the sale had been declared to be void. All of the improvements were made voluntarily and without regard to the wishes of the real owners. The action of the Lederer Realty Corporation when it bought the property shows that it was doubtful of its title from the first. The duty of the administrator on receipt of the purchase price was to pay debts of the estate therewith. The agreement that the fund should not be so used, but held as a security deposit for the protection of the purchaser, weakens, if it does not entirely eliminate, the claim of the Lederer Realty Corporation that it was a purchaser in good faith and without notice. It acted on legal advice; but it knowingly took a chance in regard to its title and the litigious disposition of one of the heirs was well known. The changes and improvements in the building were not necessary. We see no reason why the heirs who were kept out of possession for six years should now be required to pay for changes which they never authorized, or for which the Lederer Realty Corporation had any reason to believe it would be paid, if it did not succeed in holding title to the property. Appellant also (4) objects to the rate of interest charged against it. This (6%) is the legal rate and is proper.

In the decree the Lederer Realty Corporation was allowed $2,996.66 for payments made by it for taxes, insurance, certain repairs and interest; deducting this amount from the amount of rent received ($17,155.15) leaves the amount due to the heirs March 1, 1918, $14,158.49. To this interest at the rate of six per cent should be added.

In regard to the cross bill of the Lederer Realty Corporation against Boss the administrator; this part of the decree is not appealed from and accordingly in accordance with the decree Boss the administrator is directed to pay to the

Lederer Realty Corporation $14,445.92 with the interest actually accrued on this amount since the decision of this court *supra*.

The decree of the Superior Court is affirmed in principle. The appeal therefrom is denied and dismissed.

The parties may present a revised form of decree in accordance with this opinion, made necessary by lapse of time, on July 6, 1925. As by a former decree of this court an accounting is still to be had between the heirs, the cause is then to be remitted to the Superior Court for further proceedings.

*William J. Brown*, for complainant.

*Murdock & Tillinghast, John A. Tillinghast*, for Lederer Co.

*Knauer & Fowler*, for respondent, Elisha J. Campbell.