### RHODE ISLAND ECONOMIC DEVELOPMENT CORPORATION

v.

### THE PARKING COMPANY, L.P., et al.

### No. 2004–357–Appeal.

Supreme Court of Rhode Island.

Oct. 24, 2006.

Deming Sherman, Providence, for Appellant/Defendant Parking Co.

Stephen Snow, Providence, for Appellant/Defendant Bank of America.

Samuel Zurier, Providence, for Appellee/Plaintiff RIEDC.

### ORDER

This case came before the Supreme Court, in conference, on October 12, 2006 on motion by The Parking Company (TPC), the Respondent–Appellant in *Rhode Island Economic Development Corp. v. The Parking Co., L.P.*, 892 A.2d 87 (R.I.2006), for summary reversal. TPC is before this Court seeking summary reversal of a judgment that was entered by the Superior Court after our remand.

That judgment purports to be a final judgment.

On February 23, 2006, this Court issued its opinion in *Rhode Island Economic Development Corp. v. The Parking Co., L.P.* We declared that the state's quick-take condemnation statute was constitutional on its face but the taking in this case was in violation of the Takings Clause of the Fifth Amendment to the United States Constitution. Accordingly, we declared this ostensible exercise of the state's power of eminent domain in the condemnation of a "temporary easement" in Garage B to be in error and void. Based on the existing contract between the parties, we concluded that condemnation was a ruse by which Rhode Island Airport Corporation (RIAC) could avoid the contract between the parties through an unconstitutional exercise of Rhode Island Economic Development Corporation's (EDC) eminent domain authority. Because the taking was not for a legitimate public purpose, we vacated the judgment and declared the taking void. The Court's mandate directed that "Garage B shall be returned to the [Respondent–Appellant], TPC and that *its contract rights shall be restored as of the date of the purported taking.*" *Rhode Island Economic Development Corp.*, 892 A.2d at 108 (emphasis added).

Upon remand of the papers in this case to the Kent County Superior Court, several events occurred that we deem to be inconsistent with our mandate. We cannot overlook that a final judgment was entered that was not in compliance with the mandate of this Court.

After our decision, TPC brought a counterclaim for common law trespass against EDC, the condemning authority, seeking *mesne* profits "for the illegal occupation of Garage B by the Rhode Island Airport

Corporation (RIAC)."[1] TPC also joined RIAC as a defendant in the counterclaim. Further, again by agreement of the parties, this case was transferred to Providence County for limited (and we conclude illusory) consolidation, "for all purposes other than jury trial," with *The Parking Co. v. Rhode Island Airport Corp.*, No. P.B. 2004–4189, 2005 WL 419827, a civil action pending on the Providence Business Calendar.

Notably, in that case, TPC is seeking damages for breach of contract by RIAC, arising from the Concession Lease Agreement (CLA) between the parties. RIAC's alleged breach of that contract was not before us and is independent of the issues that were decided by this Court.

The record discloses that, before the hearing justice, both parties sought summary judgment on TPC's trespass claim. The EDC and RIAC argued that because EDC adhered to the procedural requirements of the condemnation statute, it acquired possession in accordance with a valid order of the Superior Court, and was not required to make restitution. The trial justice agreed with this argument and concluded that our decision "has only prospective effect, and the taking [was] not deemed *void ab initio.*"

The trial justice found that the condemnation "was performed under valid statutory authority and was confirmed by a legally effective Superior Court order[.]" Consequently, the hearing justice concluded that EDC's condemnation of a temporary easement and RIAC's possession of Garage B "were performed under lawful statutory authority in accordance with the 'quick-take' provisions of § 42–64–9 and a jurisdictionally valid order of the Superior Court." The Superior Court directed the entry of judgment in favor of EDC and RIAC.

TPC sought and was granted a judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure on its counterclaim for trespass. Additionally, a final judgment entered that did not comply with this Court's mandate that TPC's "contract rights shall be restored *as of the date of the purported taking.*" *Rhode Island Economic Development Corp.*, 892 A.2d at 108 (emphasis added). TPC appealed and moved for summary reversal of that judgment.

On September 12, 2006, RIAC filed a cross-appeal seeking appellate review of the entry of final judgment in this case. Before this Court, RIAC contends this appeal should be dismissed as premature or, in the alternative, held in abeyance pending the conclusion of the breach of contract claim. The RIAC bases this claim on its contention that "[a]t bottom, this dispute is contractually based." We disagree. Although TPC may have viable claims for breach of contract and bad faith against *RIAC*, the present case challenged the public use aspect of a taking by *EDC*, the condemning authority. TPC's right to restitution in accordance with our mandate, "as of the date of the *purported* taking" is not dependent upon its proving a breach of contract or a separate trespass claim.

This Court has determined that the taking was in violation of the Public Use Clause and thus unconstitutional. The fact that we upheld the constitutionality of EDC's eminent domain authority as embodied in chapter 64 of title 42 of the General Laws is of no assistance to EDC

---

1. This Court has defined *mesne* profits as the amount "recovered for the value or benefit [the wrongdoer] has derived from his wrongful occupation of land between the time when he acquired wrongful possession and the time when possession was taken from him." *Roukous v. De Graft*, 40 R.I. 57, 59, 99 A. 821, 822 (1917).

in this case and provides no defense against TPC's right to an accounting. *See Campbell v. Lederer Realty Corp.*, 47 R.I. 8, 11–12, 129 A. 732, 733 (1925) (citing *Campbell v. Lederer Realty Corp.*, 125 A. 222, 224 (R.I.1924)) (The party in wrongful possession of real property must account to the rightful owner for the rents received while in possession of the property). Further, the rightful owner is entitled to an accounting and need not prosecute an action at law of trespass for *mesne* profits. *Id.* at 11, 129 A. 732.

On February 23, 2006, this Court declared that "the condemnation of a temporary easement in Garage B was inappropriate, motivated by a desire for increased revenue and was not undertaken for a legitimate public purpose." *Rhode Island Economic Development Corp.*, 892 A.2d at 104. We concluded that when it gained possession of Garage B, EDC acted in bad faith that "resulted in a multimillion-dollar windfall to RIAC" and we declared it "null and void." *Id.* at 105, 107. There was nothing prospective about this mandate; EDC acted outside its constitutional boundaries from the start. TPC is entitled to an accounting *"as of the date of the purported taking."* *Id.* at 108. We are satisfied that in the context of this case, the appropriate measure of compensation is disgorgement of the net profits RIAC received during the wrongful taking and while TPC was ousted from Garage B. The measure of damages is RIAC's receipts less any payments made in connection with the operation of Garage B. *See Campbell,* 47 R.I. at 12, 129 A. at 733 (The party in wrongful possession was allowed to deduct from the amount due "payments made by it for taxes, insurance, necessary repairs, and interest;" but not for changes and improvements to the building.). We agree with TPC that there is no genuine issue of fact with respect to the measure of damages in this case.

Accordingly, in light of our holding and mandate that TPC shall be restored to its contract rights, including its right to exclusive possession of the premises, we summarily vacate the final judgment entered in this case because it effectively denies TPC's right to damages for the wrongful taking. We vacate the order of consolidation and remand this case to the Superior Court with directions to enter a money judgment that disgorges EDC and RIAC of the profits derived from the wrongful ouster of TPC from Garage B, plus prejudgment interest. In light of our decision herein, we deem TPC's appeal from the judgment entered in favor of EDC and RIAC on the counterclaim for trespass to be moot.

We specifically decline to address TPC's claim for attorneys' fees as we are satisfied that the issue of attorneys' fees rests with TPC's claims for breach of contract. Finally, we hold that TPC is not entitled to punitive damages.

Justice ROBINSON did not participate.