## Thomas, et al. v. King.

(Decided March 23, 1926.)

### Appeal from McCracken Circuit Court.

1. **Appeal and Error.**—In absence of complete record, Court of Appeals will presume that judgment is supported by record.

2. **Appeal and Error—In Suit to Cancel Deed, Recitals in Judgment that Deed was Filed and Considered Held Conclusive, where Complete Transcript of Record was Not Filed.**—In creditor's suit to cancel deed given by insolvent debtor to his wife and minor children, where complete transcript of record was not before court, recitals of judgment that deed was considered by court held conclusive as to whether such deed was filed in suit, in absence of showing to contrary.

3. **Guardian and Ward—In Suit to Cancel Deed, Allegations in Verified Intervening Petition as to Age of Grantee's Children Held Sufficient to Justify Appointment of Guardian Ad Litem.**—Verified intervening petition, in creditor's suit to cancel deed given by insolvent debtor to wife and minor children, stating that at time of execution of deed such chidren were infants under age of 21 but over age of 14, and asking appointment of guardian ad litem, held to state facts sufficient to justify appointment of guardian ad litem, though intervener was denied relief.

4. **Fraudulent Conveyances—Evidence, Including Record of Filing of Lis Pendens and Subsequent Deed, Held Sufficient to Authorize Court to Cancel Deed in Fraud of Creditors (Ky. Stats., Sections 2358a-1, 2358a-2).**—Evidence of debtors' financial worth and deed recorded after filing of lis pendens, under Ky. Stats., sections 2358a-1 and 2358a-2, and record of filing of lis pendens, held to authorize court to cancel deed as in fraud of creditors.

5. **Fraudulent Conveyances—In Creditors' Action to Cancel Deed of Insolvent Debtor, Burden was on Defendants to Show Absence of Fraud, where Transaction was Surrounded by Badges of Fraud in Transfers of Property to Wife and Minor Children.**—Where insolvent debtor, shortly before bankruptcy, transferred all his property, subject to execution, without consideration to wife and minor children, transaction was surrounded by such badges of fraud that burden of proof was on parties to the transfer to show absence of fraud in suit by creditors to cancel deed.

6. Fraudulent Conveyances—Judgment Ordering Sale of Land Transferred to Infants in Fraud of Creditors Held Not Objectionable as Extracting Title from Infants and Directing Sale of Whole Tract Without Proof that Partition Could Not be had.—Judgment only directing sale of enough of land previously transferred to grantor's wife and minor children in fraud of creditors to satisfy plaintiff's judgment held not objectionable as attempting to extract title from infants and ordering sale of whole tract without any averment or proof that land was not subject to partition particularly, since if transfer was fraudulent as found infants never acquired any title.

7. Fraudulent Conveyances—In Suit to Cancel Fraudulent Conveyance to Infants, it is Unnecessary to File Title Papers with Petition or to Execute Bond (Civil Code of Practice, Section 493).—Where attempted transfer from insolvent debtor to wife and minor children was for purpose of cheating and hindering creditors, in action to cancel deed it was unnecessary to file title papers with petition, as where land of infants is involved, nor to execute bond, as required by Civil Code of Practice, section 493, since no title passed, and therefore none vested in such infants.

JOHN W. EGESTER and W. A. BERRY for appellants.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, King, obtained a judgment for $1,910.12 against appellant, Thomas, in the McCracken circuit court, and a certain tract of land covered by mortgage was adjudged in lien to King for the security of the judgment. This property was later sold under the judgment, $921.25 being realized, and this sum was applied to the satisfaction *pro tanto* of the judgment. Execution was then levied on a crop of tobacco belonging to appellant, Thomas, and this tobacco was sold for $150.00 and this amount less costs, etc., was applied on the judgment and it was thus reduced to $948.90, on February 2, 1924. On the 24th of February, 1923, King filed in the office of the Clerk of the McCracken county court a *lis pendens* notice or notice of levy of execution under sections 2358a-1 and 2358a-2, Kentucky Statutes, showing that the execution had been levied by the sheriff on another certain tract or parcel of land described as lying and being in McCracken county and containing 22 acres, the property of appellant, Lon Thomas, and the same property conveyed to Lon Thomas by T. W. Carneal, May 5, 1916, by deed recorded in deed book 110, page 326, of the office of the

clerk of the McCracken county court. Afterwards and on November 12, 1923, appellants, Hattie Thomas, Maggie Thomas, and Christean Thomas, filed in the office of the clerk of the McCracken county court a deed from appellant, Lon Thomas, to them for the tract of 22 acres of land covered by the levy above mentioned.

Later this suit was commenced by King against Lon Thomas and his wife, Hattie Thomas, and their two infant children, Maggie and Christean Thomas, now appellants, to obtain a judgment cancelling the deed from Lon Thomas to his wife and children and to have the lands subjected to the payment of the execution debt of appellee, King, on the ground that the deed from Thomas to his wife and children was voluntary, and without consideration, and made with intention and purpose to defraud his creditors, especially appellee, King, whose judgment had been obtained long before the transfer of the property and who had caused the *lis pendens* notice of the levy of the execution upon the property in question to be filed and noted in the office of the clerk of the McCracken county court before the deed from appellant, Lon Thomas, to his wife and children was recorded. Appellants filed answer denying that the notice of lien had been filed in the office of the clerk of the McCracken county court as required by statutes, and denied that they, or either of them, accepted the deed from Lon Thomas, subject to the execution lien and denied that the conveyance was without consideration. Further answering appellants denied that appellee, King, was entitled to be adjudged a first lien on the land or that he was entitled to have the land sold to satisfy his execution; further denied that his lien was prior or superior to that of the wife and children. About this time appellee, Lon Thomas, went into bankruptcy, and J. Bell Nichols was appointed trustee of the bankrupt. Thereafter the trustee filed an intervening petition in which he set forth all the facts with respect to the indebtedness of appellant, Thomas, to appellee, King, and the levy of the execution on the land in question, describing it. It was then averred in the intervening petition that appellant, Hattie Thomas, is the wife of Lon Thomas, and that appellants, Maggie and Christean Thomas, are the infant daughters of appellant, Lon Thomas, and the deed from Lon Thomas to his wife, Hattie Thomas, and his two infant daughters was without consideration, and that same

was made at a time when Lon Thomas was indebted to the appellee, King, and was made by Lon Thomas to cheat, hinder and defraud his creditors and that by reason thereof the deed of Lon Thomas to his wife and children is void and of no force and effect whatever; that at the time of the execution of the deed appellant, Lon Thomas, was owing appellee, King, the debt mentioned in the petition, and that by the transfer of the lands Lon Thomas greatly reduced his assets and that all the property listed by Lon Thomas in his schedule in bankruptcy was property which he is claiming as exempt; and further that at the time of the execution of the deed to the wife and children by Thomas he was insolvent and unable to pay his debts and that the deed was made to defendants, Hattie Thomas and children, for the purpose of escaping the payment of his debts and reducing his assets to a point where Lon Thomas would not have property subject to execution and thus enable him to cheat, delay and hinder his creditors, including appellee, King. It was further averred that appellants, Maggie and Christean Thomas, are infants under the age of twenty-one years but over the age of fourteen years, and the appointment of a guardian *ad litem* for them was prayed. On the filing of this intervening petition the court appointed a guardian *ad litem* for the infants, who thereafter filed an answer for them, denying that appellee, King, had a lien upon the lands as claimed in his petition; further denying that the deed was made by appellant, Lon Thomas, to his wife and children for the purpose of cheating and defrauding his creditors. The court adjudged the lands subject to the execution lien of appellee, King, and directed a sale for the satisfaction of that debt, but adjudged the trustee in bankruptcy take nothing by his intervening petition. From that judgment the Thomases appeal.

Appellants say the judgment should be reversed because the title papers covering the lands in dispute were not filed in the suit, it being one to extract title from infants. This contention is not supported by the record. The schedule filed by appellants did not call for a complete transcript of the record, and the clerk's certificate shows that only such part of the record "as set out and called for in the schedule filed in my said office in the above styled action," was copied. The court in its judgment recites: "This cause having been submitted to the court upon the pleadings and the *deed* from the said Lon

Thomas to Maggie Thomas, etc., dated the — day of August, 1922, and recorded on November —, 1923, and on the notice of the plaintiff as filed in encumbrance on real estate book 2, page 11, in the county court clerk's office, together with the original papers in the original suit of James King v. Lon Thomas, which papers are on file in the office of the clerk of this court,'' and the court being advised, entered the judgment to which we have referred. Evidently the deed was filed with the papers and made a part of the record. Certainly we must presume, in the absence of a complete record, that the judgment is supported by the record, and in the absence of a showing to the contrary the recitals of the judgment as to what was filed and as to what the court considered at the time of the rendition of the judgment, will be conclusive.

Appellants' second contention is that no affidavit was filed with the original petition which was sufficient to authorize the appointment of a guardian *ad litem,* and that no summons was served upon the infants in the intervening petition, and no judgment rendered upon the intervening petition. That pleading was verified and stated facts sufficient to justify the appointment of a guardian *ad litem,* and this was done. Summons was also duly served on the infants and the guardian *ad litem* appears to have capably and efficiently represented his wards as attorney, for he filed an answer and attended to the preparation of the case. The intervening petition was good, but the court, under the facts, could not award the trustee any relief. There is, therefore, no merit in this contention.

Appellants next insist that the answer filed by the guardian *ad litem* controverting the averments of the petition made it necessary for plaintiffs to introduce proof by depositions, and inasmuch as there was no proof taken the plaintiffs' claim is unsupported and must fail. The judgment recites and no doubt the record, if complete, would support the recitation that the deed from appellant, Lon Thomas, to his wife and children, showing its date as well as the date upon which it was recorded in the office of the clerk of the Mc-Cracken county court, and the record of the *lis pendens* notice and levy of the execution filed in the real estate encumbrance books in the office of the clerk of the county court, showing the date of such filing, were before the court and considered by it in arriving at its judgment, and this, we think, brought before the court for its

consideration every necessary fact to warrant the con-clusion and judgment, in the absence of evidence to the contrary, that appellant,. Lon Thomas, had transferred the real estate in question to his wife and children for the purpose of hindering, cheating and defrauding his creditors and especially appellee, King, it further ap-pearing that appellant, Lon Thomas, had no other prop-erty subject to execution and has since become and is now a bankrupt. When these facts are made to appear, and it further appeared that the deed was without considera-tion, the whole transaction was surrounded by badges of fraud of such open and glaring nature as to transfer the burden of proof from appellee, King, who was then plain-tiff, to appellants to show that the transaction was free from fraud. In the case of Griggs v. Crane, 179 Ky. 48, this court said:

That when: "the burden of proving the good faith of a conveyance, where it is attacked on account of its having been fraudulently made, shifts from the one alleging the fraud to the one defending the in-tegrity of the conveyance, when the conveyance is at-tended with what is denominated in the books as badges of fraud. This rule is founded in the reasons that the creditor, who is liable to suffer on account of the fraudulent acts of his debtor in placing his property in the names of others, cannot be reasonably expected to be able to go into the very inner secrets and purposes and reasons of those who are conspir-ing in that way against him, and be able t olay bare their intentions and purposes; while as to those who are defending the integrity of a conveyance, it is ex-ceedingly easy for them to develop and show all their acts and motives. So, wherever badges of fraud at-tend upon the conveyance, the burden shifted to the grantee and he is required to disprove the infer-ences created by such badges of fraud, and sustain the good faith of the transaction or else he must lose his defense. . . .

"When a transfer is made by one of his prop-erty, when there is pending against him an action for tort or other action for unliquidated damages, the fact that he makes such transfer at such time is a badge of fraud, and it is so, especially if it leaves him without any estate or greatly reduces his prop-erty. It is, likewise, a badge of fraud for an insol-vent debtor or one who is very considerably in-

debted to make a transfer of his property. Bibb v. Baker, 17 B. M. 292; Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454. Where it is shown that the property never belonged to the grantee until the transfer was made, and that the grantor, at the time, was greatly embarrassed with debts or insolvent, it is a badge of fraud which casts upon the grantee the burden of showing that the conveyance was made because of a valid consideration for it. Stix v. Callender, *supra;* National Roofing Materials Co. v. Smith, *supra.* It has, also, been held to be a badge of fraud attending a transfer where the circumstances attending the transaction are suspicious, and the parties fail to produce any explanation of the suspicious circumstances attending the transfer by testifying or giving same explanatory evidence.''

Appellants also insist that the judgment is erroneous because it attempts to extract title from infants, and directs a sale of the whole tract when there is no averment or proof that the land is not subject to partition. This latter condition could not have prejudicially affected appellants, since the judgment only directed a sale of enough of the property to satisfy appellee, King's, execution, interest and costs, thus authorizing the master commissioner to sell only so much of the land as was necessary to raise that amount of money and no more. There is, however, no merit in the contention of appellants that the Code provisions were not followed in such manner as to extract title from infants. If, as the chancellor found, the attempted transfer of title from the insolvent appellant, Lon Thomas, to his wife and infant children was for the fraudulent purpose of cheating and hindering his creditors, including appellee, King, no title in fact passed and none vested in the infant appellants. In this view of the case there was no necessity of filing the title papers with the petition, as where the lands of infants are involved, and no necessity for the execution of a bond, as required in section 493 of the Civil Code. There was no error to the prejudice of the substantial rights of appellant which has been called to our attention, and we have not been able to find any, hence the judgment is affirmed.

Judgment affirmed.