AUGUSTUS A. GREENE *vs.* STATE BOARD OF PUBLIC ROADS.

MARCH 28, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J.   This is a petition for assessment of damages for taking land, by condemnation proceedings, by the State Board of Public Roads pursuant to the provisions of Chapter 97 of the General Laws of 1923 entitled ,"Of the Construction, Improvement and Maintenance of State Roads and Bridges" as amended by Chapter 437 of the Public Laws passed at the January Session 1923.   The trial in the Superior Court resulted in a verdict for the petitioner for $449.77 and the case is before us on numerous exceptions of the petitioner to the exclusion of testimony and on his exception to the denial of his motion for a new trial.

In widening Reservoir avenue in the city of Cranston the respondent Board took by condemnation proceedings a strip of land along the whole front of petitioner's houselot on the front portion of which he had erected a row of gasoline pumps and in the rear a building suitable for a residence and store for dispensing motor oils and light refreshments. The row of pumps was so placed that one line of automobiles could stand between the highway and the row of pumps and another line between the pumps and said building. The taking of said strip and widening of the highway so narrowed the space between the pumps and the present highway that it is now unsafe for customers to stop their automobiles between the pumps and the highway.

The trial justice ruled that damages were limited to the value of the land actually taken and that no damage could be awarded for consequential injury to the petitioner's remaining land.

The petitioner relies upon several exceptions taken to the exclusion of evidence of consequential damage to said land.

As this court said in *Johnston* v. *Old Colony R. R. Co.*, 18 R. I. 642; "The difference between the market value of plaintiff's estate before and after the condemnation, as far as directly affected thereby, is unquestionably the proper measure of damages." In *Taber* v. *N. Y., Prov. & Boston R. R. Co.*, 28 R. I. at 278, this court said: "The authorities are agreed that where part of the tract is taken, just compensation includes not only the value of that which is taken, but damages, if any, to the remainder." The court at page 278, quoted from Lewis on Eminent Domain as follows; "The decisions are so conflicting that, as is said in 2 Lewis,Eminent Domain, §471a, 'the only general rule which can be laid down where part of a tract is taken is that the measure of damages consists of the value of the part taken and damages to the remainder, less such benefits, if any, as may be set off by the law of the forum'." To the same effect see *Allaire* v. *City of Woonsocket*, 25 R. I. 414; *Howard* v. *City of Providence*, 6 R. I. 514; *Coy Real Estate Co.* v. *Town Treasurer*, 45 R. I. 477. Lewis on Eminent Domain, Vol. 2, Sec. 686, in which the author states as follows; "When part of a tract is taken just compensation includes damages to the remainder. Upon this point there is entire unanimity of opinion." See also Sutherland on Damages, Sec. 1064, p. 3961.

The respondent, although admitting that there is but slight authority to support the ruling of the trial court, cites *N. Y., N. H. & H. H. R. Co.* v. *Blacker*, 178 Mass. 386. The case supports the general proposition which we have above stated. The court allowed damages for injury to the remaining land and only refused consequential damages for loss of business and cost of removing personal property.

The respondent contends that the language of the act authorizing the taking indicates an intention to limit compensation to the value of the land actually taken. Said act provides that if the owner "cannot agree with said board for the price of the land so taken", the owner may apply by petition to the Superior Court "setting forth the

taking of his land and praying for an assessment of damages by a jury." The language does not reasonably warrant an inference of legislative intent to authorize the taking of land "without just compensation." Exceptions 5, 8, 9, 13 and 18 are sustained.

The second exception is to the refusal to permit the petitioner to state his opinion as to the market value of his property. This exception is overruled. There was no attempt to show that petitioner had any expert knowledge as to the market value of real estate in that vicinity.

Although there is authority to the contrary in some jurisdictions, the rule in this State has always been that a nonexpert cannot testify as to the market value of land. *Brown* v. *Providence & Springfield R. R. Co.*, 12 R. I. 238.

The tenth exception is to the refusal to permit a witness, expert in land values, to answer the following question: "Is or is not the land in question valuable for any specific or general purpose?" This exception is sustained. The witness was not asked what the value was for any specific purpose. "The test of the amount to be awarded is the market value of the land and not its value for a particular use, although its adaptability for such use is a factor in determining its market value. . . . The proper inquiry is, not what is the value of the property for the particular use, but what is it worth in the market, in view of its adaptation for that and other uses." 20 C. J. 771.

Having determined that the case must be remitted for a new trial it is improper to express our opinion as to the weight of the evidence. The remaining exceptions are either not pressed or are overruled.

The papers in the case are remitted to the Superior Court for a new trial.

*Walling & Walling, Henry D. Bellin*, for petitioner.
*Benjamin M. McLyman, Attorney General, J. Clifden O'Reilly, 3rd Asst. Attorney General*, for respondent.