## Hundley v. Baskett et al.

(Decided March 11, 1932.)

384

BENJAMIN F. GARDNER for appellant.

THOMAS C. FISHER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On December 10, 1926, Pleas Baskett, the father of appellees and defendants below, executed to appellant and plaintiff, below, W. D. Hundley, a promissory note whereby he agreed to pay plaintiff six months thereafter the sum of $432.69, with interest from date. On October 7, 1929, plaintiff filed this action against Pleas Baskett in the Jefferson circuit court to recover the amount of that note with accumulated and unpaid interest thereon. No defense was made thereto by Pleas Baskett, and a default judgment in favor of plaintiff was taken against him for $432.69, with interest from December 10, 1926. At the time of the filing of the action, paintiff obtained an attachment which was levied on some cattle and stock as the property of the defendant and also on a small quantity of merchandise contained in a building that defendant had operated as a country store in Jefferson county. One or two persons who owed Pleas Baskett small sums were garnisheed, but whether anything was realized therefrom does not appear from the record.

The appellees, Clarence and Lee Baskett, interpleaded in the cause, the former claiming to be the owner of the attached stock of goods by purchase from his father before the issuing of the attachment, and the latter claiming to be the owner of the attached stock and cattle, which he obtained in the same way. Their intervening petitions were controverted of record, but later plaintiff tendered and offered to file his replies thereto in which he averred that the alleged transfers to the appellees were fraudulent, and made with the intention and purpose to defeat the creditors of defendant, the father of the interveners. The court, for some reason not apparent from the record, overruled plaintiff's motion to file those replies, but they were made parts of the record. Upon final submission, default judgment was rendered against Pleas Baskett, and the attachment was sustained as to him, but the court sustained the prayers of the two interveners (appellees), and adjudged them to be the owners of the attached property claimed by each, and

discharged the attachment as to it, and from that part of the judgment plaintiff seeks a review by this court through his motion for an appeal.

A preliminary question of practice is presented by the record which we deem it proper to first dispose of. Plaintiff moved the court to fix the value of the attached property so as to determine the amount in controversy and to thereby enable him to properly obtain a review of the judgment in this court, i. e., whether by an appeal to be granted by the court below (which could not be done, unless the amount in controversy was as much as $500, under the provisions of section 950-1 of our Statutes), or by motion for an appeal in this court, if the amount in controversy was between $200 and $500; but the court overruled that motion, and declined to make a finding in that regard, or to direct any one else to do so, upon the theory that the amount in controversy, so far as the plaintiff was concerned, was measured by his debt, and which was merged in the default judgment that the court rendered in his favor. If the entire amount of that judgment was involved, the court was eminently correct; but, if the value of the attached property was below the amount authorizing this court to review the judgment (which would be below $200), then and in that event the only amount in controversy, as affecting plaintiff's right of appeal, would be the value of the attached property, and he could not then obtain such review by any prescribed rule of procedure for that purpose, notwithstanding the amount of his undisputed debt, though in judgment, was sufficient to entitle him to a review in this court.

In such circumstances the amount in controversy, so far as plaintiff is concerned, is the value of the security he lost by being deprived of the right to apply on his debt the value of the attached property, and, if it is not of sufficient amount to give this court jurisdiction on appeal, by whatever manner obtained, then plaintiff could not obtain such a review, since all he would be deprived of by the judgment would be the value of that property. We find, however, sufficient facts in the record to authorize the inference that the attached property was of the value of more than $200, and we have concluded to take jurisdiction of the case under plaintiff's motion for an appeal, since in no event could there be more involved so far as plaintiff is concerned than the amount of his judgment, which is less than $500.

The stock, cattle, and other personal property claimed by Lee Baskett was attempted to be sold to him by his father by the execution of a bill of sale of date August 25, 1928. It not only included the stock and cattle attached in this case, but also included all of the farm products that had been grown by Pleas Baskett on a farm across the Ohio river in Indiana upon which he was then living, as well as farming implements and household and kitchen furniture. The written bill of sale was recorded in Jeffersonville, Indiana, but all of the property that it purported to transfer was left in the possession of the seller, Pleas Baskett, the purported buyer, Lee Baskett, residing in Jefferson county, Ky., with his family on a small farm therein. The tobacco grown by Pleas Baskett that year and transferred under the bill of sale to his son, Lee, was afterwards sold, and some of the proceeds was paid to Pleas Baskett, who also at a later date sold one of the mules so transferred, and collected the price, but the evidence is very obscure and indefinite as to his disposition of the proceeds consistent with his son's ownership of the property so sold.

Before the purported sale Pleas Baskett had married a second wife, who was the stepmother of his children, including Lee and Clarence Baskett, and at the time of the sale she had separated from her husband and had filed an action in the circuit court of the county of Indiana where they resided for a divorce and alimony. A pendente lite judgment for alimony of $7 per week was soon rendered by that court, and the testimony is quite conclusive that the alleged bill of sale was executed for the purpose of circumventing the wife in collecting that alimony. However, she later returned to her husband, and the divorce action seems to have been abandoned.

Some time near the latter part of 1928, or the first part of 1929, Pleas Baskett, with his family, moved from Indiana into Jefferson county, Ky., and rented a farm of about 235 acres, for which he agreed to pay an annual rental of $325. He brought with him all of the property covered by the bill of sale referred to, and continued in the possession of it until Lee Baskett, who lived about four miles away, was informed by plaintiff that he intended to file suit on his note. That information was given Lee Baskett on a Friday, and that evening or night, or perhaps the next day, he moved the stock and cattle covered by the bill of sale over to his premises, but soon returned them to the farm rented by Pleas Baskett.

The alleged consideration for the bill of sale was $1,010, which both Lee and Pleas Baskett testified was due from the father to the son for borrowed money from time to time running back as far as twenty years. No note at any time was ever taken, nor was any amount ever entered on any book or paper. The beginning of the account, if it ever had one, was at a time when Lee Baskett was not more than fifteen years of age, and it is not shown that he ever engaged in any business that enabled him to accumulate a surplus. The transaction, therefore, between Lee Baskett and his father (and only through and by which the former claims to be the owner of the attached stock and cattle) possesses none of the qualities entitling it to be classified as a bona fide one. The proof of the alleged consideration is vague, uncertain, and obscure, and the alleged manner of its creation as well as the loose method of its preservation are all of a most suspicious nature and is entirely out of harmony with usual and ordinary conduct of individuals in such matters. The presumption in this case is against the fairness of the transaction, and the burden was upon the two sons, who intervened in the cause, to establish their claims to the attached property, and which is true because of the blood relationship of the parties, and the continued possession of the property, by the alleged seller thereof.

The fact that there was a written, acknowledged, and duly recorded bill of sale to Lee Baskett does not destroy the presumption against him arising from continued possession by the seller of the property, and which is true, notwithstanding the provisions of section 1908 of our Statutes. That section makes such presumption conclusive in case of a voluntary sale or conveyance of property, unless it is evidenced by writing duly acknowledged and recorded; but, if there be such an executed and recorded writing, the presumption of fraud is not destroyed, but it is only converted from a conclusive one to a rebuttal one, and from which, we repeat, it follows that the burden in this case was upon Lee Baskett to prove the bona fides of the transaction by which he claims to have obtained the property that the court adjudged him. Not only so, but it is everywhere declared that transactions of the nature now under consideration between near relatives should be closely scrutinized by the courts, and the evidence to sustain them as against a creditor of the seller should be clear and convincing.

Thomas v. King, 213 Ky. 720, 281 S. W. 816, and cases therein cited, with many others heretofore written by this court. In the light of the facts, and the applicable law thereto, we have no difficulty in concluding that the badges of fraud found in this case, together with the most unsatisfactory condition of the testimony with reference to the consideration for the alleged sale, required a judgment dismissing the claim of appellee Lee Baskett to that portion of the attached property to which he asserted title, and that the court erred in adjudging to the contrary.

Practically the same conclusion would be justified also as to the attached contents of the little country store claimed by appellee Clarence Baskett. But there is one proven and uncontroverted fact in his branch of the case which controls our conclusion upon his claim and substantiates the correctness of the judgment with reference thereto. He testified that all of the stock in the store at the time of the obtention and levy of the attachment was procured and furnished by him after his alleged purchase of it from his father. That testimony is not denied by any contained in the record, and, if true (and which we must so determine in the absence of any denial thereof), that property would not be subject to appropriation to the payment of plaintiff's debt, notwithstanding the original stock of goods when sold by defendant to his son may have been because of fraud entering into the transfer, since after the substitution, the two stocks were not identical, and consisted of entirely different property. The text in 27 C. J. 449, sec. 73, says, inter alia:

"And it has been held that the fact that a purchase of a store and a stock of goods is constructively fraudulent does not affect the title of the purchaser to other goods which he has afterward purchased with the proceeds of sales from the store and put into the stock. It has also been held that the statute of Elizabeth and similar statutes do not enable creditors to subject the proceeds of property fraudulently conveyed, or other property in which they may have been invested, as the statute only applies to property conveyed by the debtor, and, therefore, that the only remedy of the creditor to reach such proceeds or property is in equity."

But without that text, which is supported by the cases cited in note 22 thereto, we would have no trouble in concluding that, where a fraudulently purchased stock of goods had been completely supplanted by a new one purchased by the fraudulent buyer, it would not be subject to a creditor of the original seller, in the absence of facts authorizing the tracing of the proceeds of the original stock in such a way as to make the substituted one subjectable to the creditor's claim. No such facts appear in this case with reference to the attached stock of goods claimed by Clarence Baskett, and from which we conclude that the court did not err in adjudging him to be the owner thereof and in discharging the attachment as to that property.

Wherefore the motion for the appeal is sustained, the appeal is granted, and the judgment is reversed, in so far as it discharged the attachment on the stock and cattle claimed by Lee Baskett; but it is affirmed in so far as it discharged the attachment on the stock of goods and adjudged it to belong to Clarence Baskett. The court will therefore set it aside and render one conforming to this opinion. The costs of this appeal will be equally divided between appellant and appellee Lee Baskett.