## Damron et al. v. Bartley et al.

April 16, 1946.

84

P. B. Stratton and L. J. May for appellants.

Henry J. Scott for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The questions raised are directed at the correctness of the findings of the Master Commissioner and the Chancellor, in respect to the values of real estate and one item of personal property chargeable to the parties as advancements out of their parents' estates. The Chancellor overruled the exceptions to the report of the Master Commissioner, and entered judgment in conformity with the report.

At the outset, attention should be called to the rule that, where the Master Commissioner and the Chancellor concur in their findings of fact, this Court will not disturb such findings, unless they clearly are contrary to the weight of the evidence. Meyers v. Brown-Forman Distillery Co., 289 Ky. 185, 158 S. W. 2d 407; Chenault v. Southern Trust Co., 245 Ky. 305, 53 S. W. 2d 369. And this is so, even though we may doubt the correctness of the finding. Blackburn's Adm'x v. Union Bank & Trust Co., 269 Ky. 699, 108 S. W. 2d 806, and cases therein cited.

It is unnecessary to detail the evidence in this case; suffice it to say that several witnesses testified to the

exact value placed by the Master Commissioner and the Chancellor on each and every item chargeable to the parties as advancements. It is contended that the witnesses so testifying were not qualified to place values upon the property. With this we do not agree. Whilst none of the witnesses testified he knew of any sales having been made in the community in which the property is located, all of them live in the vicinity, know the property, and testified that they were familiar with the values of real estate in that community. This showing qualified them to testify as to values. Saulsberry v. Kentucky & West Virginia Power Co., 226 Ky. 75, 10 S. W. 2d 451; Paintsville Nat. Bank v. Conley, 257 Ky. 425, 78 S. W. 2d 313. The one item of personal property was stock in the Big Branch Coal Company of the par value of Three Thousand Dollars ($3,000). Thirty (30) shares were assigned to W. D. Bartley, twenty (20) shares to J. A. Bartley, and twenty (20) shares to Elmira Bartley, in the year 1910. Although many years later, after the entry of the United States into World War I, this stock was sold at a substantial price, the uncontradicted testimony shows that, at the time it was transferred to the above named appellees, it was without any value whatever. Advancements are chargeable to the distributee at their value at the time the advancements were made. KRS 391.140, Hundley v. Baskett et al., 243 Ky. 383, 48 S. W. 2d 537.

We are unable to follow the argument that appellees are not entitled to participate in the distribution of the assets of the estate, because they failed "to bring into hotchpot the property received by them from the decedents (their parents)." Appellants alleged in their petition that appellees have received the property as advancements. They further alleged their conclusion as to the value of each item. Appellees answered and admitted that they had received the property as advancements, but denied the value placed thereon by appellants, and affirmatively alleged their own appraisal of each of the items they received as advancements. In 1 Am. Jur., Sec. 77, p. 746, it is said:

"By the rule that advancements must be brought or thrown into hotchpot it is not meant that the advancements must be returned to the estate in specie, but merely that the donee must request that his advancements be taken into consideration in determining the value of the

assets and that he be allowed to participate in the distribution thereof.''

On the same page of the same work, under Sec. 78, it is said:

''The person to whom an advancement has been made does not, by bringing it into hotchpot, relinquish his title to the advancement, it being brought in merely to see whether it exceeds or falls short of an equal share.''

See also II Blackstone, Chapter 12, Sec. 190; Ray v. Loper, 65 Mo. 470; Jackson v. Jackson, 28 Miss. 674, 64 Am. Dec. 114.

By admitting the advancements, and acknowledging that they should be charged against them in the distribution of the estate, appellees have brought the advancements into hotchpot, and consequently are entitled to share in the distribution of the estates.

The judgment is affirmed.