**MODERN FINANCE COMPANY, Appellant,**

v.

**Murrell BLANKENSHIP et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 16, 1960.

V. R. Bentley, Pikeville, for appellant.

Thurman Hibbitts, Pikeville, for appellees.

CULLEN, Commissioner.

In 1954, Modern Finance Company obtained judgment against Jonah Blanken-

ship, on a note. In 1959, execution was levied on a diesel motor purportedly owned by Jonah, which at one time had been used in a sawmill operation but which for several years had been resting, unused, on a bed of timbers on Jonah's farm. The motor was sold at execution sale for $300. Upon filing of the sheriff's report of sale Jonah's young grandson, James Earl Blankenship, intervened and claimed ownership of the motor, alleging that he had purchased it from his grandfather in 1957. The issue of ownership was submitted to a jury, which found that James was the owner. The sale thereupon was set aside. Modern Finance Company has moved for an appeal from the judgment.

At the time James is alleged to have purchased the motor he was 14 or 15 years of age, living with his father and grandfather on the latter's farm. The testimony was that the grandfather, because of advancing age, had decided to quit the sawmill business; he still owed a balance on the purchase price of the motor, and James paid a sum of money to him for the motor, using funds from summer earnings of previous years. The motor was moved from the sawmill to the farm and remained there unused.

There is a close question whether KRS 378.040 applies to this situation so as to invalidate the alleged sale as to the creditors of Jonah. That statute invalidates, as to creditors, a sale of personal property unaccompanied by a transfer of possession or the recording of a bill of sale. Here there was no apparent or visible change of possession. The motor was not in use, but simply was stored on Jonah's farm.

There is a suggestion in Jarvis v. Davis, 14 B.Mon. 529, 61 Am.Dec. 166, that where parties to a transfer of personalty reside together on the same premises, an actual, visible change of possession, such as might be understood and known in the neighborhood, should be necessary to validate the transfer. However, in Hamilton v. Combs' Adm'r, 60 S.W. 371, 22 Ky.Law Rep. 1263,

a transfer between brother and sister, living together on the same farm, was held valid although there was no visible change in possession.

■ We are not prepared to say that a transfer of personalty between persons living together on the same premises, without a visible change of possession, is as a matter of law invalid as to creditors. See 24 Am.Jur., Fraudulent Conveyances, secs. 53, 54, pp. 209 to 212. But it is our opinion that such a transfer should be considered as raising a rebuttable presumption of fraud, such as to cast upon the transferee the burden of proving the good faith of the transaction. As is the general rule in the case of transfers between near relatives, the evidence to sustain the transfer as against a creditor of the transferor should be clear and convincing. See Hundley v. Baskett, 243 Ky. 383, 48 S.W.2d 537.

■ Here the evidence to sustain the transfer falls far short of being either clear or convincing. The testimony of James, his father and his grandfather is confusing and conflicting, as to when the money was paid by James, how much he paid, where and when he earned the money, when the sawmill operation ceased, and why the motor had not been paid for long before James was alleged to have made the final payment. (It appears that when the motor was bought in 1954 only some $700 of the purchase price was financed, and the required payments were $70 each, yet the motor was not finally paid for until in 1959.)

It is our opinion that the evidence was not sufficient to sustain the verdict. If upon another trial the evidence is the same, the court will direct a verdict finding the alleged sale invalid.

The motion for an appeal is sustained and the judgment is reversed, for proceedings in conformity with this opinion.