COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Ed FISTER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1963.

John B. Breckinridge, Atty. Gen.; William A. Lamkin, Jr., Asst. Atty. Gen.; James B. Stewart, Dept. of Highways; Frankfort, for appellant.

Robert M. Odear; C. Gibson Downing; Gladney Harville; (Stoll, Keenon & Park), Lexington, for appellees.

CLAY, Commissioner.

In this highway condemnation suit the jury awarded the property owners approximately $44,000. (The Commissioners' award had been $41,477.) The Commonwealth contends the award was excessive

and was substantially attributable to the introduction of incompetent evidence.

The tract involved contained 4½ acres situated at the corner of the Lexington-Richmond Road and the Mt. Tabor Road in Fayette County. On the property was located a 16-unit motel. The land taken was a strip approximately 80 feet wide along 400 feet of frontage on the Lexington-Richmond Road and a strip averaging about 25 feet wide along several hundred feet of the Mt. Tabor Road.

There was a wide disparity in the witnesses' estimates of the total damage to the property (which included value of the land taken, damage to the remainder, and damages for a temporary easement). The highest compensatory figure fixed by expert witnesses for the Commonwealth was $16,000. The highest for the owners was $106,000. (The lowest for the owners was $78,000.)

The jury verdict was broken into three parts as follows: Value of land taken, $23,410.13; damage to remaining land, $20,000; rental value of land temporarily taken, $500; a total of $43,910.13. With the possible exception of the rental value item, the verdict has no logical relationship to any of the evidence in the case with respect to valuation. This unfortunately happens too often in condemnation cases because the jury is left stranded between such a wide divergency of valuations that all it can do is guess at a fair figure. Whether proper factors have been considered thus becomes important in determining the reasonableness of an award.

The Commonwealth's first contention is that the opinion evidence of the owners' expert witnesses was *incompetent* for various reasons. The evidence was competent, although the probative value of some of it is most questionable. We have recently examined the question at length in Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, and that case answers this contention of the Commonwealth.

We now reach a question which has been recurring with great frequency in condemnation cases. It concerns the *competency* of the owner's testimony as to the market value of real estate when he possesses no qualifications other than ownership upon which to base his opinion. In the present case the owner fixed a monetary market value of the land taken and of his property both before and after the taking. He did not disclose any familiarity with property values in the neighborhood. He disclaimed knowledge of comparable sales. He indicated his estimates were to some extent based on how the condemnation would affect his business and one of his figures apparently came from consultation with some other party before the trial. His valuations also showed a glaring discrepancy which he did not explain. It seems to us (and apparently the jury took the same view) that this testimony with respect to actual money values had no probative value. However, our question is whether it was *competent* simply by reason of the fact that the witness was the owner of the property.

It is generally recognized that the owner of property, either real or personal, is ipso facto qualified to give his opinion of its market value. Wigmore on Evidence (3rd Ed.) Vol. 3, sections 714, 716 (see particularly 1962 supplement); 32 C.J.S., Evidence §§ 545d(3), 545e(1), pages 305, 306. The rule, as many other rules of evidence, apparently originated as a matter of practical necessity. This consideration particularly applies in the personal property field, since the owner may be the only available witness on valuation. See 37 A.L.R.2d 967, 982. In the light of this necessity and in view of his familiarity with the chattel, the owner is presumed to have some knowledge of its value. See Davis v. Rhodes, 206 Ky. 340, 266 S.W. 1091.

The tenuous basis of the rule with respect to personal property is exposed in those cases where it is held that mere

ownership is not enough if other facts indicate the owner in reality lacked knowledge of the chattel's value. See Courier Journal & Louisville Times Co. v. Crossland, 300 Ky. 361, 188 S.W.2d 428 (books); Barron v. Phelps, Ky., 238 S.W.2d 1016 (logs). See also 37 A.L.R.2d 967, 985.

With respect to real estate, even though the practical necessities are not nearly so urgent, the same rule has prevailed. Fishback Trucking Co. v. Jackson, 289 Ky. 235, 158 S.W.2d 423; Kentucky & West Virginia Power Co. v. Kilburn, 304 Ky. 635, 201 S.W.2d 896; Barron v. Phelps, Ky., 238 S.W.2d 1016. However, as in the case of personal property, such evidence has been declared inadmissible where it was apparent the owner's presumed knowledge of value did not exist. Hipp-Green Lumber Corporation v. Potter, Ky., 271 S.W.2d 892; 32 C.J.S. Evidence § 545d(3), page 306. Some courts, while giving lip service to the rule, have retreated from it by actually requiring more than mere ownership. Rubin v. Town of Arlington, 327 Mass. 382, 99 N.E.2d 30; Miller v. Darby, 336 Mass. 243, 143 N.E.2d 816; Besen v. State, 17 Misc.2d 119, 185 N.Y.S.2d 495, 504; Sgarlat Estate v. Commonwealth, 398 Pa. 406, 158 A.2d 541. Rhode Island rejects the rule outright. Greene v. State Board of Public Roads, 50 R.I. 489, 149 A. 596.

The real difficulty appears to be a procedural one. If the owner is presumed qualified to express an opinion simply by reason of ownership, he can immediately testify concerning market values. Subsequent examination may establish that he lacks familiarity with the property or knowledge of property values. At that point his opinion should be rejected as incompetent. Assuming such evidence is then stricken, his valuations have been heard by the jury and a substantial amount of trial time and procedural maneuvers have been required to undo a situation which the proper development of qualifications would have initially avoided.

The more we examine the practical application of the rule (with its ex post facto limitations) as it pertains to real estate, the more unsatisfactory it appears from the standpoint of trial procedure and from the standpoint of assisting a jury to reach a fair determination of proper damages in a condemnation suit. After extensive research we have been unable to find a persuasive reason for the arbitrary rule that mere ownership of realty automatically qualifies such owner to render a valid opinion concerning its market value at any given time.

■ It is true an owner may properly be presumed familiar with the character and extent of his property, but this is only one of two necessary elements in the appraisal of its value. The other element is some knowledge of property values. While the owner may have a general concept of the worth of his property based upon what he paid for it (and evidence of this price ordinarily is competent—18 Am.Jur., Eminent Domain, section 351; 55 A.L.R.2d 791), it does not sufficiently qualify him to express an objective opinion of its current *market value.*

It has always been recognized that there "must be some basis for a knowledge of market values before a witness may express an opinion as to values." Allen Co., Inc. v. Thoroughbred Motor Court, Ky., 272 S.W.2d 343, 344. With respect to other lay witnesses, it is required that they have "a knowledge of property values generally" (Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, 475), or be "acquainted with property values in the vicinity" (Himlar Coal Co. v. Kirk, 224 Ky. 383, 6 S.W.2d 480, 481). See also Damron v. Bartley, 302 Ky. 83, 194 S.W.2d 73. Attention is called to Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851, wherein we set forth the basic qualifications of a witness on real estate values.

We see no reason why an owner, before expressing his opinion concerning the market value of his real estate, should not have

the initial minimum qualifications required of his neighbors. It follows that the qualifications of the owner witness, as other witnesses, must be affirmatively shown *before* his opinion of market values is expressed. 32 C.J.S. Evidence § 458a., page 98.

■ The net effect of our decision on this question is that the owner of real estate shall *not be presumed* adequately qualified to express an opinion of market values by reason of ownership alone. Since the requirement that an owner must initially establish his qualifications before expressing an opinion (the same as other witnesses) makes necessary a different procedural method from that heretofore followed, it shall apply only to trials held after the issuance of the mandate in this case. (As the judgment before us must be reversed on other grounds, the application of the new rule here will not adversely affect appellees' rights.)

Under the rule above set forth, the owner in the present case did not establish sufficient qualifications to make competent his opinions concerning the market value of the real estate involved. On another trial such evidence shall not be admitted unless the owner establishes better qualifications in advance of expressing an opinion.

■ (As in the case of any other witness, after he has established prima facie qualifications and expressed an opinion, both the qualifications and credibility of the owner's evidence may be further examined into. Proper procedure is discussed in Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.)

■ The Commonwealth next contends the trial court erred in permitting the owners to testify concerning the gross income from the motel business during certain years and the loss of business caused by the taking and the construction of the highway. This of course was incompetent. Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20; City of Newport Mun. H. Comm. v. Turner Advertising, Ky., 334 S.W.2d 767; Commonwealth, Dept. of Highways v. Smith, Ky., 358 S.W.2d 487; Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844. The owners contend the evidence was admissible to show damages for the use of the temporary easement during the period the new road was under construction. Even if this evidence had been so limited, which it was not, it was still incompetent. Rental value of the land involved, not a business loss, is the proper measure of damages for a temporary easement of this nature. See City of Richmond v. Gentry, 136 Ky. 319, 124 S.W. 337; 18 Am.Jur., Eminent Domain, section 395; 7 A.L.R.2d 1297, 1299.

■ There is a special reason why evidence of this character is inadmissible as proof of damages for the taking of a temporary construction easement. The business loss is actually attributable to the disruption of the highway during the period of reconstruction rather than to the occupancy of the temporary easement area. Highway construction is carried out in the exercise of the police power, and inconvenience or injury to adjoining property owners, arising from reasonably necessary operations on the right of way, is not compensable as a "taking" of their property in the constitutional sense. 18 Am.Jur., Eminent Domain, section 142; Commonwealth v. Moore, Ky., 267 S.W.2d 531; Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 858. The business loss, if any, was caused by normal construction work on the highway, which included occupancy of the easement area. Damages for an injury of this nature, occasioned by temporary obstructions and operations incident to the making of a public improvement, are not recoverable. Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862; Oldfield v. Tulsa, 170 Okl. 329, 41 P.2d 71, 98 A.L.R. 953.

■ The Commonwealth next contends the court erroneously permitted the owners to introduce pictures showing the condition of the premises during the construction

work. These pictures were inadmissible on the ground just discussed which rendered evidence of business losses inadmissible. They tended to prove an injury to the business of the motel caused by unsightly construction operations. As heretofore noted, the creation of such condition did not constitute a "taking" of appellees' property. Its portrayed existence had no relevancy to the fair market value of appellees' land being permanently taken, nor to permanent resulting damage, nor to the rental value of that portion subjected to a temporary easement.

The two items of incompetent evidence above discussed must almost certainly have influenced the jury in returning its verdict. This requires reversal of the judgment and we do not pass upon the question of excessiveness. On a new trial the parties will be governed by the principles set forth in Commonwealth v. Tyree, Ky., 365 S.W. 2d 472 and Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844.

The judgment is reversed for consistent proceedings.