**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Hardy P. WIMAN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Reed Anderson, Dept. of Highways, Paducah, for appellant.

Seth T. Boaz, Mayfield, for appellees.

MILLIKEN, Chief Justice.

The Commonwealth of Kentucky prosecutes this appeal because of the alleged commission of prejudicial errors during the jury trial of a condemnation action in the circuit court which resulted in an excessive verdict for the landowners. The jury awarded the property owners $4,000 for the land taken. The Commissioner's award in the county court had been $6,000.

In 1959 the appellees purchased a four-acre tract in Graves County for $4,000. The land had a frontage of 480 feet on the Macedonia Road. The appellees used 140 feet of this frontage for a homesite and fenced off the undeveloped remainder of the tract. In 1961, in connection with the construction of the Macedonia service ramp being built in conjunction with the Mayfield Bypass, the Highway Department found it necessary to acquire an 80-foot right of way which severed appellees' land, leaving a 140-foot frontage on the Macedonia Road west of the service ramp and a 260-foot frontage on the Macedonia Road east of the service ramp. In all, 0.84 of an acre was acquired by the Highway Department.

Appellant claims prejudicial error was committed by the introduction of inadmissible testimony, to wit: Attorney for appellees was permitted to show that appellees' tract had been condemned by the state on three prior occasions. While such testimony may be immaterial and irrelevant

because it shows no relationship to the market value as a result of the taking. We do not believe it was prejudicial.

■ Appellant further complains that appellees offered no facts in evidence to support their appraisal or their witness' appraisal of the land taken from them. Concerning market value, Mr. Wiman testified as follows on direct examination:

"Q. What would you say was the reasonable value of your property immediately prior to the time they took this land for the highway?

"A. Well, I really didn't care anything about selling it, but I wouldn't have took less than $15,500.

"Q. And what in your opinion is the reasonable value of it now or immediately after the taking?

"A. I would say around $9,000."

He was not asked if he was familiar with real estate values in the vicinity, nor did he testify to any facts such as comparable sales to establish that he was. However, he did testify to the improvements he had placed on the land, such as grading, sodding, fencing and the planting of trees and shrubbery which served to indicate that the property was in better condition and worth more than it was when he purchased it in 1959.

Since the filing of the appeal in the case at bar, we have decided two cases which affect the principal question presented here. In Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, we held that though an owner of property is usually qualified to give opinion evidence as to its value because of the fact of ownership, the landowner could lose his qualification during the course of the trial if the basis of his opinion were shown to be improper. In Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720, we examined the competency of the owner's testimony as to market value of real estate when he pos-

sesses no qualifications other than ownership upon which to base his opinion. There, we held that the owner of condemned realty shall not be presumed adequately qualified to express an opinion of his property's market value by reason of ownership alone but that he must initially establish his qualifications.

We think Mr. Wiman's qualification to testify as to the market value of the property is doubtful and that the testimony he did offer was of little probative value, but we do not believe it was prejudicial in the circumstances. The testimony of a former highway employee and county judge of the county where the land was situated amply supported the verdict, and there is no question but that this witness was highly qualified to testify as to the market value of the property both before and after the road construction.

We conclude that the jury verdict was not unreasonable and that the landowner's testimony was not prejudicial.

The judgment is affirmed.