COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Harry C. VANDERPOOL et al., Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Walter Mobley, Flemingsburg, for appellant.

J. W. McKenzie, Gray, Woods & Cooper, Ashland, for appellee.

CLAY, Commissioner.

In this condemnation case a jury awarded the property owners $7,250 after both parties had appealed from a county court judgment awarding $7,330. The Commonwealth complains of many errors on the trial.

Appellees owned a 112 acre farm with improvements. The Commonwealth took approximately 30 acres for highway purposes. This resulted in landlocking a remaining part of the farm, estimated to be from 10 to 18 acres, rendering it practically valueless.

The Commonwealth contends it was error to permit appellees' witnesses to testify that the taking would isolate 18 acres. A witness for the Commonwealth had testified this severed tract contained approximately 10 acres. There was a real controversy with respect to this matter. The county court commissioners had found 18 acres would be severed. There was testimony that the representatives of the Commonwealth had so advised the commissioners and the property owners, and apparently the right of way map showed this amount of acreage would be cut off. We know of no reason why the jury was bound to accept the testimony of one of the Commonwealth's witnesses when there was substantial evidence supporting appellees' position.

The Commonwealth contends the damages awarded were excessive. They complain of the testimony of the owners, who are husband and wife, with respect to the market value of the property. These witnesses were not qualified under our decision in Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720, but that decision did not affect trials held prior to the issuance of the mandate in that case.

The Commonwealth's witnesses estimated the damages at something over $3,000.

Two qualified expert witnesses for the property owners estimated these damages at around $10,000. The jury fixed the amount at $7,250. This does not strike us as excessive.

It is true that the whole farm was assessed for tax purposes at $3,315. That this assessment is unreliable as a measure of market value is demonstrated by the evidence for the Commonwealth whose witnesses valued the farm at approximately $20,000. Since appellees lost almost half of their farm, damages of a little more than one-third of its original value as fixed by the Commonwealth's witnesses does not appear to us so far out of line as to be excessive.

The Commonwealth raises certain procedural points and questions some evidence but we find no substantial errors in the trial which could be held prejudicial.

The judgment is affirmed.