William Carl **ROBERTS**, Appellant,

v.

Barbara Ann **ROBERTS**, Appellee.

Court of Appeals of Kentucky.

Sept. 14, 1979.

Norman R. Lemme, Pike, Lemme & Conway, Shepherdsville, for appellant.

Thomas L. Waller, Taylor, Waller & Wooldridge, Shepherdsville, for appellee.

Before HOWARD, HOWERTON and WINTERSHEIMER, JJ.

HOWERTON, Judge.

William Carl Roberts appeals from so much of the judgment of the Bullitt Circuit Court dissolving his marriage with Barbara Ann Roberts as valued their residence at $35,000.00 and their pet business at $15,000.00. He argues that the true values of the residence and business are $30,900.00 and $5,000.00, respectively. The issue to be decided involves the sufficiency of the evidence necessary to sustain a valuation of marital property in divorce proceedings.

At the outset, we can conclude that there was no error in the valuation of the marital residence. The property was purchased approximately three months before the parties separated. The price was $30,900.00. William testified that $2,600.00 was spent to improve the property, and Barbara Ann testified that the amount was closer to $4,000.00. We believe there was ample, competent proof for the trial judge to conclude that the enhanced and inflated value of the property was $35,000.00. The finding was not clearly erroneous, and there was no abuse of discretion by Judge Sanders. CR 52.

The value of the business, however, presents a more difficult problem. Two recent opinions have been rendered by this Court involving property valuations in marriage dissolutions. William cites *Robinson v. Robinson*, Ky.App., 569 S.W.2d 178 (1978), to support his theory; and, Barbara Ann cites *Turley v. Turley*, Ky.App., 562 S.W.2d 665 (1978), to defend her view.

In *Robinson, supra,* this Court concluded that it was error for the trial court to place a value on marital property when the only evidence consisted of testimony by the owners without any proof of their qualifications to evaluate their property, and a property assessment exhibit without any explanation. The opinion reads, at page 180:

There was simply no way in which the trial court in this action could accurately fix the value of the property which was the subject of the action with the total lack of evidence here. If the parties

come to the end of their proof with grossly insufficient evidence on the value of the property involved, the trial court should either order this proof to be obtained, appoint his own experts to furnish this value, at the cost of the parties, or direct that the property be sold.

This Court in *Turley, supra,* affirmed the judgment of the trial court, even though the proof was "scanty." Mr. Turley testified as to the value of a lot and mobile home, but Mrs. Turley offered no evidence whatever as to the value. The *Turley* opinion reads, at 667:

. . . [W]e cannot find that the value assigned by the trial court was clearly erroneous. In the absence of any other evidence in the record, the trial judge was entitled to draw on his own experience and knowledge. Certainly, we cannot say that the value assigned was excessive when the complaining party offered no evidence respecting the principal asset owned by the parties.

■ In *Turley, supra,* the Court applied the principle that a party should not complain when she offers no proof of value, and when there is some basis for the competency of the proof offered by the joint owner of the property. The basis for the decision in *Robinson, supra,* was that the witnesses indicated no competency to testify as to the value of their property, and a bare exhibit of a property assessment had no probative value. It should be clear that *Robinson* does not prohibit a property owner from setting a value on his own property. Our law definitely permits it. *Beggs v. Beggs,* Ky., 479 S.W.2d 598 (1972). There must be some qualification for giving an opinion, however. Mere ownership does not qualify a party to establish a true value. *Commonwealth, Department of Highways v. Fister,* Ky., 373 S.W.2d 720 (1963).

The facts in this case can be distinguished from both *Robinson, supra,* and *Turley, supra.* Each contesting spouse testified, and each had personal knowledge of the business and was competent to testify as to its value. Although it is obvious from the record that William had a more thorough knowledge of the business, its assets and its continuing operation, Barbara Ann had worked in the business before the separation, and she, too, was familiar with the value of the assets, the market, and the earnings from the business.

■ The business was known as "Best Pets," and it entailed the breeding, raising, and eventual sale of small animals such as rats, gerbils, hamsters, and guinea pigs, together with their related paraphernalia. William testified that Best Pets was worth $10,000.00 at the date of the parties' separation. Barbara Ann maintained that at all times, the value was $25,000.00. At the time of the hearing, however, William testified that the value of the business was $5,000.00, and Barbara Ann indirectly valued the inventory of the business at approximately $5,000.00. The inventory had been reduced substantially by William in order to discharge various debts.

The evidence was conflicting as to the amount of assets which had been displaced from the business, and the record is replete with testimony from both sides as to how many cages and animals had been removed. This confusing conflict, together with a consideration of what debts have been satisfied by a reduction in inventory, allowed the trial judge some latitude in fixing a value. The testimony of the parties also revealed that the previous year's gross sales had been $19,000.00, while the business suffered a net loss of $2,000.00. Barbara Ann, therefore, valued the losing business at $6,000.00 over its gross sales.

The trial judge determined that the value of the business was $15,000.00 for purposes of dividing the property. We find nothing in the record or the specific findings of fact to support that value, but it is nevertheless within the range of the competent testimony. We cannot say that the determination is either clearly erroneous or an abuse of discretion.

We affirm the judgment of the circuit court.  CR 52.01.

All concur.